Atinuael COLATO, Petitioner,

v.

IMMIGRATION AND NATURALIZATION SERVICE, Respondent.

No. 784, Docket 75–4221.

United States Court of Appeals, Second Circuit.

Submitted March 9, 1976.

Decided March 9, 1976.

---

George Rockman, Rosenberg, Rosenberg & Rockman, Garden City, N. Y., for petitioner.

Thomas J. Cahill, Acting U. S. Atty., S. D. N. Y. (Mary P. Maguire, Thomas H. Belote, Sp. Asst. U. S. Attys., New York City, of counsel), for respondent.

Before KAUFMAN, Chief Judge, and SMITH and ANDERSON, Circuit Judges.

Irving R. KAUFMAN, Chief Judge:

Atinuael Colato seeks review in this court of the dismissal by the Board of Immigration Appeals of an appeal from the District Director's denial of a visa petition seeking to classify Colato as the immediate relative of a United States citizen. Such a classification, if granted, would have exempted Colato from the labor certification requirements of the Immigration and Nationality Act, § 212(a)(14), 8 U.S.C. § 1182(a)(14), and from the numerical limitations on visas available to natives of Western Hemisphere nations. Because we conclude that we are without jurisdiction in the circumstances present here to review the Board's decision, we dismiss the petition.

Colato first entered the United States on February 20, 1970, under a three-week nonimmigrant visitor for pleasure visa. He remained, however, long after the expiration date of the visa, and on June 9, 1973, married Herminia Velez, a U. S. citizen. Within a month of the marriage she petitioned the Immigration and Naturalization Service to have her husband classified as an immediate relative pursuant to §§ 201(b) and 204(a) of the Act, 8 U.S.C. §§ 1151(b), 1154(a). An initial interview of the Colatos by an INS investigator revealed, in the words of the District Director, "serious discrepancies and contradictions," and the Colatos failed to comply with four separate requests that they appear for a second interview. Consequently, on February 22, 1974, the petition for status adjustment was dismissed for lack of prosecution.

Deportation proceedings were commenced against Mr. Colato on April 8, 1974. At a deportation hearing before an Immigration Judge on April 10, Colato conceded his deportability and, upon his application, was permitted voluntary departure from the United States in lieu of deportation, pursuant to § 244(e), 8 U.S.C. § 1254(e). Colato waived appeal from those proceedings to the Board of Immigration Appeals.

On April 22, 1974, less than two weeks after the deportation hearing, Mrs. Colato moved to reopen the visa petition (previously dismissed for lack of prosecution) made on her husband's behalf. After an interview with the couple on February 11, 1975 apparently failed to reconcile the discrepancies engendered by their earlier sworn statements, the District Director, on March 24, denied the visa petition. The Board of Immigration Appeals, for reasons not here relevant, dismissed petitioner's appeal from the decision of the District Director on September 15.

Petitioner seeks direct review in this court of that dismissal, apparently pursuant to the provisions of § 106(a), 8 U.S.C. § 1105a(a), which provide that "the sole and exclusive procedure for the judicial review of all final orders of deportation . . . made against aliens . . . pursuant to administrative proceedings under § 242(b) of this Act" is review by the Courts of Appeals. It is clear to us that the denial of a visa petition, under the circumstances presented here, was neither a final order of deportation nor made "pursuant to" § 242(b) administrative proceedings. The petition must, therefore, be brought in another forum, for as the Supreme Court has observed, "in situations to which the provisions of § 106(a) are inapplicable, the alien's remedies would, of course, ordinarily lie first in an action brought in an appropriate district court." *Cheng Fan Kwok v. I. N.*

S., 392 U.S. 206, 210, 88 S.Ct. 1970, 1973, 20 L.Ed.2d 1037, 1041 (1968).

The *Cheng Fan Kwok* Court emphasized that § 106(a), as a jurisdictional statute, must be construed with precision. *Id.* at 212, 88 S.Ct. at 1974, 20 L.Ed.2d at 1042. The language of that section and its legislative history lead inexorably to the conclusion that Congress deliberately restricted its application to "orders entered during proceedings conducted under § 242(b), or directly challenging deportation orders themselves." *Id.* at 215, 88 S.Ct. at 1975, 20 L.Ed.2d at 1044. *Compare Giova v. Rosenberg*, 379 U.S. 18, 85 S.Ct. 156, 13 L.Ed.2d 90 (1965) (denial of a motion to reopen deportation proceedings already terminated); *Foti v. I. N. S.*, 375 U.S. 217, 84 S.Ct. 306, 11 L.Ed.2d 281 (1963) (denial of request for suspension of deportation).

Unlike *Giova* or *Foti*, this is not a case in which the denial of discretionary relief is so intimately connected with a deportation proceeding that the two should be heard together in direct review by the Court of Appeals. We therefore dismiss the petition for want of jurisdiction.