Afsaneh SADEGH–NOBARI, Hossein Ghanavizchian, Petitioners,

v.

IMMIGRATION AND NATURALIZATION SERVICE, Respondent.

Nos. 81–2168, 81–2222.

United States Court of Appeals, Tenth Circuit.

May 4, 1982.

Gary L. Barnett, Salt Lake City, Utah, for petitioners.

Lauri Steven Filppu and Robert Kendall, Jr., Attys. Gen., Litigation and Legal Advice Section, Crim. Div., Dept. of Justice, Washington, D. C., for respondent.

Before SETH, Chief Judge, and McKAY and LOGAN, Circuit Judges.

SETH, Chief Judge.

These proceedings seek review of final decisions of the Board of Immigration Appeals. The decisions dismissed appeals from deportation orders which were directed to petitioners who are husband and wife who are Iranian nationals. Both had entered the United States as visitors for pleasure and were so authorized to remain until December 26, 1979. This court has jurisdiction to review the deportation decisions pursuant to 8 U.S.C. § 1105a(a).

The petitioners also seek review of certain rulings by the Regional Commissioner on applications for change of status. We must conclude that we have no jurisdiction over the change of status rulings sought to be brought here separately or here advanced as a matter which should have been considered in the deportation proceedings.

*Change of Status Applications*:

On December 13, 1979 Afsaneh Sadegh-Nobari filed a petition with the District Director to change her status from a visitor to a student under 8 C.F.R. § 248.3. On April 14, 1980 the District Director denied her application because of the then current situation in Iran. A timely appeal was filed. The Regional Commissioner dismissed the appeal citing 8 C.F.R. § 248.2 which made nonimmigrant Iranian aliens ineligible for any change in nonimmigrant classification. This petitioner sought to have her change of status application considered in her deportation proceedings but this was refused.

On May 30, 1980 Hossein Ghanavizchian filed with the District Director an application for an extension of stay pursuant to 8 C.F.R. § 214.1(c)(1). He cited urgent medical reasons for remaining in the United States. He has not received a response to that request. The petitioners then filed a motion with the Regional Commissioner to reconsider the change of status application of May 21, 1980 in light of the amendment to 8 C.F.R. § 248.2. The Regional Commissioner denied their motion.

The petitioners claim that the Regional Commissioner abused his discretion by denying their motion to reconsider Afsaneh

Sadegh-Nobari's application for a change of nonimmigrant status from visitor to student. The Regional Commissioner denied their motion even though 8 C.F.R. § 248.2 was amended to allow Iranian nationals eligibility for nonimmigrant change of status. This change of status proceeding was not a proceeding under section 242(b) nor did it challenge a final order of deportation. *See Lad v. Immigration and Naturalization Service*, 539 F.2d 808 (1st Cir. 1976); *Colato v. Immigration and Naturalization Service*, 531 F.2d 678 (2d Cir. 1976); *Arreche-Barcelona v. Immigration and Naturalization Service*, 310 F.2d 690 (9th Cir. 1962). Thus we are without jurisdiction to review the District Director's denial of the application and the Regional Commissioner's denial to reopen those proceedings. Review of the status application determination was with the appropriate district court. *Cheng Fan Kwok v. Immigration and Naturalization Service*, 392 U.S. 206, 88 S.Ct. 1970, 20 L.Ed.2d 1037 (1968).

■ The petitioners further contend that the Board of Immigration Appeals abused its discretion by denying their motion to reopen the deportation order in light of the amendment to 8 C.F.R. § 248.2. We must conclude that the Board rightfully denied jurisdiction to review the District Director's denial of the application and the applicability of 8 C.F.R. § 248.2. The propriety of the District Director's decision on a change of status application cannot be reviewed as part of the deportation proceeding. Both the Immigration Judge and the Board of Immigration Appeals lack jurisdiction to review separate orders of the District Director. *Matter of Rios-Carrillo*, 10 I. & N. Dec. 291. Since the denial of a change of status application is not within the scope of the deportation hearing, it is not reviewable by a court of appeals under section 106(a). *De Figueroa v. Immigration and Naturalization Service*, 501 F.2d 191 (7th Cir. 1974).

*The Deportation Proceedings:*

On June 9, 1980 Afsaneh Sadegh-Nobari received an Order to Show Cause and Notice of Hearing which stated she was subject to deportation pursuant to section 241(a)(2) of the Immigration and Nationali-

ty Act, 8 U.S.C. § 1251(a)(2), for overstaying her authorized visit. On September 3, 1980, after a full hearing, the Immigration Judge found her deportable as an "overstay." In lieu of deportation she was granted fifteen days to depart voluntarily. She filed a timely appeal and on October 9, 1981 the Board of Immigration Appeals dismissed her appeal.

On September 8, 1980 Hossein Ghanavizchian received an Order to Show Cause and Notice of Hearing which stated that he had overstayed his authorized visit and was subject to deportation pursuant to section 241(a)(2) of the Immigration and Nationality Act. On November 6, 1980, after a full hearing, the Immigration Judge found him deportable as charged. He was also granted fifteen days to depart voluntarily, in lieu of deportation. He filed a timely appeal and on August 25, 1981 the Board of Immigration Appeals dismissed his appeal.

On September 18, 1981 the petitioners sought a motion to reopen their deportation orders on the grounds that 8 C.F.R. § 248.2 had been amended to allow Iranian nationals eligibility for a change of nonimmigrant classification. On October 9, 1981 the Board of Immigration Appeals determined that it lacked jurisdiction to consider the petitioners' request to reopen the denial of a change of nonimmigrant status application since status applications are outside the scope of a deportation proceeding. The petitioners filed a motion to reconsider which was denied on October 19, 1981.

This court· derives its jurisdiction to hear these petitions from section 106(a) of the Immigration and Nationality Act, 8 U.S.C. § 1105a(a), as mentioned above. Under section 106(a) of the Act this court has jurisdiction to review all final orders of deportation made pursuant to administrative proceedings under section 242(b) deportation proceedings or orders of proceedings directly challenging deportation orders themselves. *Cheng Fan Kwok v. Immigration and Naturalization Service*, 392 U.S. 206, 88 S.Ct. 1970, 20 L.Ed.2d 1037 (1968). *See also Giova v. Immigration and Naturalization Service*, 379 U.S. 18, 85 S.Ct. 156, 13

L.Ed.2d 90 (1964); *Foti v. Immigration and Naturalization Service*, 375 U.S. 217, 84 S.Ct. 306, 11 L.Ed.2d 281 (1964).

■ The petitioners claim that their orders of deportation were not supported by the weight of the evidence. In a deportation hearing to prove an overstay the Immigration and Naturalization Service must show that the nonimmigrant alien was admitted into the United States for a temporary stay, that the period expired, and that the nonimmigrant has not departed. *Milande v. Immigration and Naturalization Service*, 484 F.2d 774 (7th Cir. 1974). The government must establish deportability by clear, unequivocal and convincing evidence. *Woodby v. Immigration and Naturalization Service*, 385 U.S. 276, 87 S.Ct. 483, 17 L.Ed.2d 362 (1967).

■ At the time of Afsaneh Sadegh-Nobari's deportation hearing she admitted that she was a native and citizen of Iran and entered the United States on or about October 27, 1979. She admitted that she had applied for a change of nonimmigrant status which was denied. She only contested the date on which she applied for the change in status. Since Afsaneh Sadegh-Nobari never received a change in nonimmigrant status and she stayed beyond the date of departure, she is deportable as of the date her admission expired. The order of deportation must be affirmed.

At the time of Hossein Ghanavizchian's hearing he admitted he was a native and citizen of Iran, had entered the United States on or about October 27, 1979, and was authorized to stay until December 26, 1979. However, he denied overstaying his authorized visit. On May 30, 1980 Mr. Ghanavizchian sought an extension of stay under section 214.1(c)(1) claiming he was in immediate need of urgent medical treatment which was only available in the United States. He contends that since his application for an extension of stay has never been adjudicated the deportation proceeding was wrongful and should have been stayed. This contention is without merit. In *Matter of Teberen*, 15 I. & N. Dec. 689, 690–1, the Board of Immigration Appeals rejected that position:

"We reject counsel's contention that the respondent cannot be an 'overstay' until he receives a formal denial of an extension from the district director. Rather, we hold that a nonimmigrant becomes deportable as an 'overstay' when the period of his admission expires, *unless* he receives a grant of an extension of his stay." (Emphasis in original.)

Although Mr. Ghanavizchian applied for an extension of stay he never received one. Since he stayed beyond his authorized period of admission, we affirm the deportation order.

■ The petitioners claim that 8 C.F.R. § 244.1 which limits Iranian nationals to fifteen days' voluntary departure time is a denial of due process of law and a violation of equal protection of the laws. Regulations concerning alienage must be sustained if they are not wholly irrational. *Narenji v. Civiletti*, 617 F.2d 745 (D.C.Cir.1979), *cert. denied*, 446 U.S. 957, 100 S.Ct. 2928, 64 L.Ed.2d 815 (1980). This regulation passes the rational basis test. Considering the grave international crisis faced by the United States at that time, a response to limit the voluntary departure time for Iranian nationals determined to be deportable was justified and rational. *Malek-Marzban v. Immigration and Naturalization Service*, 653 F.2d 113 (4th Cir. 1981).

■ The petitioners also contend that Afsaneh Sadegh-Nobari was denied her due process rights to prepare an adequate appeal. Her appeal to the Board of Immigration Appeals was filed on September 30, 1980. The transcript was requested at that time in order that a brief could be submitted pursuant to 8 C.F.R. § 3.3(c). Although the transcript was mailed on October 1, 1981 it did not reach the petitioner's attorney until after October 9, 1981 when the Board denied her appeal.

Petitioner's due process rights have not been violated. The regulations provide that the briefs may be filed "within the time fixed for appeal or within any other additional period designated by the special inquiry officer." 8 C.F.R. § 3.3(c). The time fixed for appeal is fifteen days after the

service of notification of decision. 8 C.F.R. § 103.3(a). Under the regulations petitioner's brief should have been filed at the time of perfecting the appeal or by September 24, 1981. 8 C.F.R. § 103.3(a). The petitioner never requested an extension of time to file a brief. Since the application for notice of appeal clearly sets out the time requirements the petitioner had sufficient notice. These administrative procedures are clear and reasonable. The petitioner's due process rights were not violated.

We must conclude that the decisions of the Board of Immigration Appeals in both cases must be upheld and it is so ordered.