**Mohammad Ali GHAELIAN, Petitioner-Appellant,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent-Appellee.**

No. 81–3402.

United States Court of Appeals, Sixth Circuit.

Argued June 25, 1982.

Decided Sept. 14, 1983.

Richard W. McHugh (argued), Legal Aid Soc., Inc., Louisville, Ky., for petitioner-appellant.

William French Smith, U.S. Atty. Gen., Dept. of Justice, Washington, D.C., Dewey Wottring, Roy E. Schremp, Acting Trial Atty., Immigration & Naturalization Service, Louisville, Ky., Lauri Steven Filppu (Robert Kendall, Jr., argued), Crim. Div., Dept. of Justice, Washington, D.C., for respondent-appellee.

Before JONES and KRUPANSKY, Circuit Judges, and ALLEN, District Judge.*

KRUPANSKY, Circuit Judge.

This is an appeal by Mohammad Ali Ghaelian (Ghaelian) from a final order of the Board of Immigration Appeals (BIA) which found Ghaelian to be deportable as a consequence of overstaying his student visa, and which implicitly upheld a directive to review the status of Iranian nationals, such as Ghaelian, who were in the United States at the time of the attack upon the U.S. Embassy in Teheran.

The pertinent facts are not contested. Ghaelian was a twenty-nine year old student at the University of Kentucky in November of 1979 when the U.S. Embassy was occupied, and American citizens seized, in Iran. Ghaelian's visa, which was issued in January, 1977, had expired August 31, 1979. In response to the events in Iran, the Attorney General promulgated a regulation requiring all non-immigrant Iranian students to report to Immigration and Naturalization Service (INS) offices within thirty days. See 8 C.F.R. § 214.5 (1979) (hereinafter Regulation 214.5).

Pursuant to this regulation, on December 10, 1979 the INS formally notified Ghaelian that he was in the United States beyond the terms of his visa and ordered Ghaelian to show cause why he should not be deported. The show cause hearing was convened on February 1, 1980 but was thereupon continued to July 1, 1980 so as to permit Ghaelian to retain an attorney. At the reconvened hearing in July, Ghaelian, now represented by counsel, admitted all the facts alleged in the order to show cause but sought to avoid deportability by advancing two motions which form the essence of the instant appeal. First, Ghaelian sought to remand his case to the District Director of the INS who, pursuant to 8 C.F.R. § 103.1(n), possesses the discretionary authority to reinstate student visas where deportation orders are based on certain de minimus violations. Second, the appellant moved to suspend or terminate the deportation proceedings against him because Regulation 214.5 was purportedly in contravention of the due process guarantee of the Fifth Amendment in that it arbitrarily singled out Iranian nationals for status review. The motions were denied and Ghaelian was given fifteen days to leave the country or be deported. The immigration judge ruled that Ghaelian's case had already been considered by the District Director for possible discretionary relief, but that such relief had been denied and the immigration judge had no authority to act himself or require the District Director to re-examine his prior decision. Further, the immigration judge concluded that he had no authority to address the constitutionality of Regulation 214.5. This order was appealed to the BIA which dismissed the appeal. The matter is presently before this Court on review.

* Hon. Charles Allen, Chief United States District Judge, Western District of Kentucky, sitting by designation.

Initially, it is argued by the INS that 8 U.S.C. § 1105a(a), which vests courts of appeals with jurisdiction to review "all final orders of deportation" entered "pursuant to administrative proceedings under [8 U.S.C.] section 1252(b)", does not empower this tribunal to review "collateral" matters to deportation proceedings including, *inter alia,* the constitutionality of Regulation 214.5 and the refusal of the INS District Director to exercise his discretion. While defining the jurisdiction conferred by 8 U.S.C. § 1105a(a) has previously produced disagreement among the Circuits and commentators, *see, e.g.* authorities cited in *Dastmalchi v. I.N.S.,* 660 F.2d 880, 884–85 (3d Cir.1981), there is now little doubt that a "final order" includes, for purposes of this Court's jurisdiction, "all matters on which validity of the final order is contingent, rather than only those determinations actually made at the hearing." *I.N.S. v. Chadha,* —— U.S. ——, ——, 103 S.Ct. 2764, 2777, 77 L.Ed.2d 317 (1983).

There remains, however, the difficulty of determining when an issue renders a final order "contingent" and is thus within the ambit of this Court's jurisdiction. The Supreme Court's decision in *Chadha* indirectly offers two tests of "contingency": (1) does the deportation "stand for fall[ ] on the validity of the challenged [issue]"; (2) is the relief sought "plainly inconsistent with the deportation order". —— U.S. at ——, 103 S.Ct. at 2778.

In the case at bar, Ghaelian attacks the constitutionality of regulations which required Iranian aliens to report to the INS for a status review and which purportedly restricted the discretion of the INS to ameliorate the sanctions imposed upon Iranians found to be deportable. As the Supreme Court explicitly noted in *Chadha,* a challenge, such as Ghaelian's, to the reporting regulation does not confer appellate jurisdiction. Simply put, the order of deportation herein is solely contingent upon Ghaelian's presence in this country beyond the terms of his visa; "[he] could have been deported irrespective of the challenged regulation." —— U.S. at ——, 103 S.Ct. at 2777, n. 11. *See, Katris v. INS,* 562 F.2d 866 (2d Cir.1977). Moreover, Ghaelian's appeal from the assertedly truncated discretionary review afforded to Iranians also does not meet the jurisdictional test. Again, Ghaelian does not contest the validity of the underlying deportation order itself, or any order entered in the deportation hearing, but merely seeks to attack the District Director's prior decision not to exercise his discretion. Clearly, the validity of the order does not in any way "stand or fall" on the outcome of procedures beyond the deportation hearing to mitigate the effects of executing the order. Ghaelian's prayer for greater discretionary review is for "relief not inconsistent with" a valid deportation order. *Cheng Fan Kwok v. INS,* 392 U.S. 206, 213, 88 S.Ct. 1970, 1975, 20 L.Ed.2d 1037 (1968), quoting *Mui v. Esperdy,* 371 F.2d 772, 777 (2d Cir.1966). *See also, Andres v. INS,* 460 F.2d 287 (6th Cir. 1972). Accordingly, this Court is constrained to conclude that it is without jurisdiction pursuant to 8 U.S.C. § 1105a(a) to consider Ghaelian's challenges to Regulation 214.5.[1]

Petitioner's final contention is that the immigration judge violated 8 C.F.R. § 242–17(a) by not specifically informing Ghaelian of the right to seek various other

---

1. While Regulation 214.5 has been uniformly upheld in the courts, there was little uniformity prior to the Supreme Court's decision in *Chadha* as to the scope of appellate jurisdiction in these cases. *Compare Narenji v. Civiletti,* 617 F.2d 745 (D.C.Cir.1979), cert. denied, 446 U.S. 957, 100 S.Ct. 2928, 64 L.Ed.2d 815 (1980) (regulation upheld on appeal from district court suit); *Malek-Marzban v. INS,* 653 F.2d 113 (4th Cir.1981) (regulation upheld without addressing jurisdiction); *Dastmalchi v. INS,* 660 F.2d 880 (3rd Cir.1981) (no jurisdiction to reach reg-

ulations because constitutionality cannot be raised in a deportation proceeding); *Shoja v. INS,* 679 F.2d 447 (5th Cir.1982) (failure of District Director to grant discretionary review is not within appellate jurisdiction); *Sadegh-Nobari v. INS,* 676 F.2d 1348 (10th Cir.1982) (regulation upheld and jurisdiction assumed upon summary analysis). The First Circuit in *Ghanbari v. INS,* 683 F.2d 571 (1st Cir.1982) has withdrawn an opinion on the issue for *en banc* consideration.

forms of discretionary relief. Bearing in mind that Ghaelian was represented by counsel *and* admitted all the facts necessary to support the finding of deportability, it is apparent from an examination of the relevant regulation and the applicable case authorities that no duty exists to inform an alien of other theoretical statutory bases for relief from deportation; rather, the regulation merely requires such disclosure only where the respondent demonstrates "his apparent eligibility" for such relief. The test provides in pertinent part:

> The special inquiry officer shall inform the respondent of his apparent eligibility in this paragraph and shall afford him an opportunity to make application therefor during the hearing.

Ghaelian has not advanced here or below any basis upon which he could be viewed as apparently eligible for relief from deportation. *United States v. Barraza-Leon,* 575 F.2d 218 (9th Cir.1978); *Soon Bok Yoon v. INS,* 538 F.2d 1211 (5th Cir.1976). As the Ninth Circuit observed in *U.S. v. Barraza-Leon, supra,* at 222:

> Section 242.17(a) requires the immigration judge to inform the respondent of his "apparent eligibility." Until the respondent himself or some other person puts information before the judge that makes such eligibility "apparent", this duty does not come into play.
> * * * Advising [the alien] of his right to retain counsel and inviting him to put before the immigration judge all information favorable to his case were all that was required to make his eligibility, if any, for relief from deportation apparent. Further inquiry by the judge was not necessary.

Wherefore, those portions of the instant appeal which seek review of Regulation 214.5 and the exercise of discretion by the INS District Director are hereby DISMISSED for want of jurisdiction; the remaining assignment of error is without merit and the order of deportation is accordingly AFFIRMED.