765 F.2d 146
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
DIPAKKUMAR MANILAL SHAH, PETITIONER,
v.
IMMIGRATION AND NATURALIZATION SERVICE, RESPONDENT.
 NO. 84-3380
 United States Court of Appeals, Sixth Circuit.
 5/16/85
 
 ON APPEAL FROM THE IMMIGRATION AND NATURALIZATION SERVICE
 BEFORE: MERRITT, CONTIE, and WELLFORD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Dipakkumar Manilal Shah is a twenty-nine (29) years old native and citizen of India. He entered the United States on August 26, 1980 as a nonimmigrant student authorized to attend Case Western Reserve University in Cleveland, Ohio, until August 25, 1981.
 
 
 2
 Two weeks before this end of admission period, Shah received an extension of study at Case Western until August 17, 1983. After receiving this two-year extension, Shan transferred to Cleveland State University without notifying the INS in the fall of 1982. He did not file a request for transfer to Cleveland State until August 19, 1983--two days after his extended stay period had expired.
 
 
 3
 The INS instituted deportation proceedings against Shah on October 31, 1983 with the issuance of an Order to Show Cause. On November 8, 1983 Shah requested by letter that the INS reinstate him to student status. His letter admitted that he was not attending school for the 1983 winter quarter but was still 'enrolled' at a third Cleveland institution, Cuyahoga Community College. On appeal Shah asserts that his dropping out for a semester and transfer to other schools in the Cleveland area were due to severe economic hardship. He acknowledges taking employment during his stay in the United States, contrary to conditions of his admission, as he failed to request prior authorization from the INS for his work activities.
 
 
 4
 In January 1984 an immigration judge found Shah deportable due to his visa overstay.[1] The judge declined jurisdiction over the question raised by petitioner whether the INS should grant the belated request for reinstated student status.
 
 
 5
 After appeal from the judge's decision, the Board of Immigration Appeals (BIA) affirmed the immigration judge's ruling and gave Shah a thirty (30) days grace period before formal deportation. The BIA also affirmed that the judge had no jurisdiction over the decision to reinstate a foreign citizen's student status. On July 2, 1984 the INS director denied the request for reinstatement because Shah had not completed his course of study at Case Western; had attended Cleveland State without authorization; and had dropped out of school for the 1983 winter quarter.
 
 
 6
 Shah now appeals from the BIA's affirmance of the immigration judge's order mandating his deportation. 8 U.S.C. Section 1101(a)(15)(F)(i). Under the Act defined Shah represents a nonimmigrant student, whose status is defined as that of:
 
 
 7
 an alien having a residence in a foreign country which he has no intention of abandoning, who is a bona fide student qualified to pursue a full course of study and who seeks to enter the United States temporarily and solely for the purpose of pursuing such a course of study at an established institution of learning or other recognized place of study in the United States, particularly designated by him and approved by the Attorney General after consultation with the Office of Education of the United States . . ..
 
 
 8
 In 1982 the statutory definition in this subsection was amended to apply specifically and solely to academic rather than vocational nonimmigrant students.[2]
 
 
 9
 Before and after amendment, this section clearly defines a nonimmigrant student as an 'alien.' Thus, Shah was subject to the restrictions that the Act elsewhere imposes on aliens.
 
 
 10
 Conditions for deportation of aliens are found in Section 241(a), 8 U.S.C. Sec. 257(a), of the Act. In his oral opinion the immigration judge held Shah to be a deportable alien under subsection (2) of Section 241(a). This provision, in relevant part, states:
 
 
 11
 Any alien in the United States . . . shall, upon the order of the Attorney General, be deported who--
 
 
 12
 . . . is in the United States in violation of this Chapter . . ..
 
 
 13
 The statutory violation inherent in Mr. Shah's continued presence here was his overstay beyond the expiration of his extended student authorization on August 17, 1983. Such an overstay is specifically proscribed by Section 214(a) of the Act and the accompanying regulation at 8 C.F.R. Sec. 214.1(a).[3] Section 214(a) of the Act states:
 
 
 14
 The admission to the United States of any alien as a nonimmigrant shall be for such time and under such conditions as the Attorney General may by regulations prescribe . . ..
 
 
 15
 The accompanying regulation of Section 214.1(a) states:
 
 
 16
 . . . A nonimmigrant alien applying for admission . . . shall agree to abide by all the terms and conditions of his admission . . .. He shall also agree to depart the United States at the expiration of his authorized period of admission . . . or upon abandonment of his authorized nonimmigrant status.
 
 
 17
 On this appeal petitioner does not deny the facts of his overstay in violation of Section 241(a)(2) of the Act. It is clear that INS has established his overstay under the appropriate standard of clear and convincing evidence. See Sadegh-Nobarri v. INS, 676 F.2d 1348, 1351 (10th Cir. 1982). Shah instead simply attempts to characterize his overstay as 'a minor technicality of the statute' and argues that 'policy should prevail over literalism.' (Appellant's brief at 5-6.) The allegedly overriding 'policy' to which he refers is the encouragement given to nonimmigrant aliens for study in the United States, citing Mashi v. Immigration and Naturalization Service, 585 F.2d 1309, 1314 (5th Cir. 1978). He specifcially argues that the 'cultural interchange' policy fostered by Section 1101(a)(15)(F)(i) of the Act is unduly thwarted by literalistic enforcement of other statutory restrictions on the stay of alien students who are otherwise acting in good faith to complete courses of study.[4]
 
 
 18
 Mashi, however, involved deportation not for an overstay under Section 241(2), but solely for a violation of stay conditions under Section 241(9). Mashi had simply dropped on physics class out of an otherwise full course of study during a fall semester. The INS argued that this dropping of a class placed the student below the legally required twelve (12) hours of credit per week. The court held that the requirement purportedly involved in that case did not apply to the student because he arrived before its promulgation. The only applicable requirement was that he remain a student in good or qualified standing with his American university. Mashi is inapposite to the facts of this case.
 
 
 19
 In Ghaelian v. INS, 717 F.2d 950 (6th Cir. 1983), we held that an overstay by a nonimmigrant alien student was a deportable offense. Ghaelian stated that deportation was 'solely contingent upon Ghaelian's [the student's] presence in this country beyond the terms of his visa.' 717 F.2d at 952. It is evident that petitioner has no legally justifiable basis for his appeal to this court. We conclude that the appeal was taken for purposes of further delay and therefore assess double costs against Shah.
 
 
 20
 Accordingly, we AFFIRM the decision of the Board.
 
 
 
 [1]
 The judge was able to determine the overstay from Mr. Shah's Arrival-Departure Record (INS Form I-94), which showed no extension of stay beyond August 17, 1983. While this record is not listed in the index to the Joint Appendix, Shah does not dispute the fact of his overstay
 
 
 [2]
 Section 1101(a)(15)(F)(i) now defines a nonimmigrant student as:
 an alien having a residence in a foreign country which he has no intention of abandoning, who is a bona fide student qualified to pursue a full course of study and who seeks to enter the United States temporarily and solely for the purpose of pursuing such a course of study at an established college, university, seminary, conservatory, academic high school, elementary school, or other academic institution or in a language training program in the United States, particularly designated by him and approved by the Attorney General after consultation with the Secretary of Education . . ..
 
 
 [3]
 As an alternative ground for deportation, INS suggests that Shah could also be considered a deportable alien under subsection (9) of Section 241(a). This subsection states that a nonimmigrant alien is deportable for failing to 'maintain the nonimmigrant status in which he was admitted . . . [or] the conditions of any such status.' As already indicated, Section 214(a) of the Act gives the Attorney General authority to prescribe such 'conditions' of stay for nonimmigrant aliens
 
 
 [4]
 Petitioner devotes a total of one and one-half pages of his brief to his legal argument