968 F.2d 20
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Musa Ssemanda KYAMBADDE and Eseza Kyambadde, Petitioners,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 Nos. 91-9505, 91-9506.
 United States Court of Appeals, Tenth Circuit.
 July 6, 1992.
 
 1
 Before TACHA and KELLY, Circuit Judges, and CONWAY, District Judge.*
 
 
 2
 ORDER AND JUDGMENT**
 
 
 3
 CONWAY, District Judge.
 
 
 4
 Petitioner, Musa Ssemanda Kyambadde and his sister Eseza Kyambadde, appeal from an order of the Board of Immigration Appeals (Board) affirming the judgment of the Immigration Judge denying political asylum and the Kyambaddes' request for withholding of deportation. We affirm.
 
 
 5
 On June 25, 1985 the petitioners arrived in New Orleans from their native land of Uganda to attend a Seventh Day Adventist conference. Musa Kyambadde was then a pastor of a church in Uganda and his sister Eseza taught school there. Following the convention, they traveled to Denver to visit their cousin.
 
 
 6
 At the time they departed Uganda, the Obote regime controlled the government. The petitioners' brother, Sam, served with Obote's special police and interrogated many of those arrested by the Obote authorities. On July 27, 1985, the Obote regime was toppled by a military coup led by Okella. That day Sam Kyambadde was arrested by Okella forces and has been neither seen nor heard from since. At approximately the same time, other family members left Uganda and relocated in Kenya.
 
 
 7
 On October 11, 1985 the Kyambaddes filed applications for asylum pursuant to 8 U.S.C. § 1158(a). They asserted a "well-founded fear of persecution" if returned to Uganda and contended that they therefore qualify as "refugees". See 8 U.S.C. § 1101(a)(42)(A). Petitioners premised their fear of persecution on three bases: religious affiliation with the Seventh Day Adventist church, status as members of the Bugandan tribe and their relationship to their brother Sam. Shortly after they filed their applications for asylum, the Okella forces were overthrown by the Museveni regime which continues in power today.
 
 
 8
 On January 20, 1987, the Immigration Judge rendered an oral decision finding the petitioners to be credible witnesses and genuinely afraid to return to their homeland. Nevertheless, he determined that the Kyambaddes failed to demonstrate that their subjective fears are objectively reasonable as they had not shown "a clear probability of persecution" upon their return. The Immigration Judge ruled that: (1) petitioners are deportable for having admittedly worked without employment authorization by the INS, and (2) petitioners failed to establish eligibility for asylum under Section 208(a) or for the mandatory withholding of deportation under Section 243(h).
 
 
 9
 After filing their appeal of this decision with the Board, petitioners moved to reopen the Immigration Court proceedings and present additional evidence on their asylum claims. This motion was properly denied. See INS v. Abudu, 485 U.S. 94 (1985). The Board concurred with the Immigration Judge as to the finding of deportability. The Board also agreed that petitioners had not demonstrated a "clear probability" of persecution. Therefore, mandatory withholding of deportation under Section 243(h) was not justified by the evidence presented.
 
 
 10
 However, the Board noted that Immigration Judge had improperly applied the "clear probability" standard when he assessed whether the Kyambaddes' fear of persecution was "well-founded" as required for asylum eligibility under Section 208(a). See INS v. Cardoza-Fonseca, 480 U.S. 421 (1987). The Cardoza-Fonseca decision, handed down 45 days after the Immigration Judge's ruling, established that something less than the "clear probability" standard of proof need be shown by the refugee. Instead, "it need not be shown that the situation will probably result in persecution, but it is enough that persecution is a reasonable possibility." Id. at 440 (quoting INS v. Stevic, 467 U.S. 407, 424-425 (1984)).
 
 
 11
 The Board then applied the correct Cardoza-Fonseca standard to the evidence presented by the petitioners to the Immigration Judge to see if they had met the more generous burden of proof for establishing a "well-founded fear of persecution" under Section 208(a). The Board concluded that the Kyambaddes had failed to establish an objective basis for their fear of persecution and dismissed the appeal of the Immigration Judge's order permitting voluntary departure in lieu of deportation.
 
 
 12
 Petitioners challenge the Board's conclusions here both as to deportability and refugee status. As to the "deportability" finding, the evidence clearly established that petitioners were employed without INS permission. Indeed, petitioner Musa Kyambadde admits he was employed as a janitor several weeks prior to filing a request for work authorization. The petitioners were not free to unilaterally begin employment in the absence of INS approval and their failure to abide by the INS regulations constitutes deportability. Any failure of the INS to respond to petitioners' request for authorization does not "estop [it] from enforcing the conditions imposed by Congress for residency in this country." INS v. Miranda, 489 U.S. 14, 18 (1982); see also Sadegh-Nobari v. INS, 676 F.2d 1348, 1351 (10th Cir.1982). Thus, the petitioners' due process argument is without merit.
 
 
 13
 As to the second finding, the Board's determination of ineligibility for asylum as a refugee must be upheld if "supported by reasonable, substantial, and probative evidence on the record considered as a whole." 8 U.S.C. § 1105(a)(4). Moreover, a recent Supreme Court decision emphasized the extremely deferential review we must accord to such a decision. See INS v. Zacarias, 60 U.S.L.W. 4130 (Jan. 22, 1992). A petitioner seeking reversal of the Board's Order "must show that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." Id. at 4132.
 
 
 14
 Petitioners apparently concede that they made an insufficient showing that they would be persecuted on the basis of their religion. The evidence further revealed that the Buganda tribe is the predominant tribe in Uganda and its members hold a number of high level positions within Museveni government. Many Bagandans serve in Museveni's National Resistance Army.
 
 
 15
 The true focus for petitioners' fear of persecution lies in their familial relationship to Sam Kyambadde, whose actual fate is unknown. Yet, any speculated persecution associated with their brother's arrest would have been at the hands of the then-installed Okella regime, not the present Museveni government. Moreover, an advisory opinion issued by a bureau of the Department of State anticipated that the Museveni government would be more responsive to human rights than former regimes.
 
 
 16
 As an Obote interrogator, it is possible that Sam Kyambadde's arrest was not an act of persecution but an act of prosecution of one suspected in engaging in past abuse of power. The Board's conclusion that the Museveni government would not be interested in persecuting innocent family members is supported by substantial evidence. In short, we cannot find that the evidence compels the conclusion that the petitioners would be persecuted if they return to Uganda. See Zacarias, 60 U.S.L.W. at 4131, f. 1. Therefore, the order of the Bureau of Immigration Affairs in this case is AFFIRMED.
 
 
 17
 The mandate shall issue forthwith.
 
 
 
 *
 The Honorable John E. Conway, United States District Judge, District of New Mexico, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3