George DINSEY, Petitioner,

v.

BOARD OF IMMIGRATION AP-
PEALS, United States Department of
Homeland Security, Mary Ann Gant-
ner, New York District Director of
U.S. Department of Homeland Securi-
ty, Michael Chertoff, Secretary of U.S.
Department of Homeland Security,
Respondents.

No. 06–4409–ag.

United States Court of Appeals,
Second Circuit.

Nov. 2, 2007.

Zamir Iosepovici, (Robert Popescu, on
the brief), New York, NY, for Petitioner.

Jeffrey J. Bernstein, Senior Litigation Counsel, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, D.C. (Peter D. Keisler, Assistant Attorney General, Civil Division; Michelle Gorden Latour, Assistant Director, on the brief), for Respondents.

Present: Hon. PIERRE N. LEVAL, Hon. SONIA SOTOMAYOR and Hon. B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

George Owusu Dinsey, a citizen of Ghana, seeks review of an August 29, 2006 consolidated order of the BIA, (1) denying his motion to reconsider a March 13, 2006 order affirming the denial of his spouse's visa petition, and (2) denying his motion to reconsider a March 22, 2006 final order of removal. *In re Dinsey*, No. A72–779–296 (B.I.A. Aug. 29, 2006). We assume the parties' familiarity with the underlying facts and procedural history of this case.

■ As to Dinsey's claim that the BIA erred by refusing to reconsider its affirmance of the Department of Homeland Security's denial of the visa application filed on Dinsey's behalf, the government contends that we lack jurisdiction to review this aspect of the BIA's order on direct appeal from the BIA because it does not constitute a "final order of removal" under 8 U.S.C. § 1252. We acknowledge that before the enactment of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), we lacked jurisdiction to consider the denial of visa petitions for the reason stated by the government. *See Colato v. INS*, 531 F.2d 678, 679–80 (2d Cir.1976) (explaining that the denial of a visa petition is not a final order of deportation, and not so intimately connected with a deportation proceeding that the two should be heard together on direct review). We see nothing in the language or our interpretation of IIRIRA or the REAL ID Act of 2005 that suggests a different conclusion under those acts. Even assuming jurisdiction, however, we find that Dinsey's argument fails on the merits. The BIA explained that Dinsey and his wife were given the opportunity, which was not taken, to provide evidence showing the *bona fides* of their marriage. Because Dinsey bears the burden of establishing his eligibility for the benefit sought, *Matter of Brantigan*, 11 I. & N. Dec. 493, 495 (BIA 1966), we find that the BIA acted well within its discretion in affirming the agency's denial of the visa petition and declining to reconsider that affirmance. *See Jin Ming Liu v. Gonzales*, 439 F.3d 109, 111 (2d Cir.2006) (per curiam) (noting that we review the BIA's denial of a motion to reopen or reconsider for abuse of discretion).

■ As to Dinsey's claim that the BIA erred by denying reconsideration of its prior decision affirming the IJ's refusal to grant a stay, the government argues that Dinsey waived this challenge by failing to address it in his brief in any meaningful way. Even if we were to find that Dinsey did not waive this claim, *see Design Strategy, Inc. v. Davis*, 469 F.3d 284, 300 (2d Cir.2006) (observing that issues not sufficiently argued in briefs are considered waived), it is also without merit. As an initial matter, because Dinsey did not petition for review from the BIA's March 22, 2006 removal order, we lack jurisdiction to review that decision directly, and can review only the BIA's August 29, 2006 denial of Dinsey's motion to reconsider or reopen proceedings. *See Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 89 (2d Cir.2001). In his motion to the BIA, the only argument that Dinsey presented was that if the BIA found that the denial of the visa petition was improper, the BIA should reopen the final order of removal to allow Dinsey to

appear at a visa petition interview. Thus, after the BIA reaffirmed its order holding that the denial of the visa petition was proper, no basis existed for granting the motion for reconsideration. We therefore conclude that the BIA did not abuse its discretion in denying Dinsey's motion. *See Kaur v. BIA,* 413 F.3d 232, 233–34 (2d Cir.2005) (per curiam) (explaining that the BIA abuses its discretion if it acts arbitrarily or capriciously).

For the foregoing reasons, the petition for review is DENIED. The pending motion for a stay of removal is therefore DENIED as moot.