Carlos Tavares PONTA–GARCA, Petitioner,

v.

Michael B. MUKASEY, Attorney

General,[1] Respondent.

No. 07–1500–ag.

United States Court of Appeals,
Second Circuit.

March 12, 2008.

Glenn T. Terk, Wethersfield, CT, for Petitioner.

Jeffrey J. Bernstein, Senior Litigation Counsel (Michele Y.P. Sarko, on the brief), for Jeffrey Bucholtz, Acting Assistant Attorney General, Civil Division. for Respondent.

Present: Hon. RICHARD C. WESLEY and Hon. DEBRA ANN LIVINGSTON, Circuit Judges, Hon. BRIAN M. COGAN, District Judge.[2]

## SUMMARY ORDER

Carlos Tavares Ponta–Garca ("Ponta–Garca"), a native and citizen of Portugal, seeks review of a March 19, 2007 order of the BIA affirming immigration judge Michael W. Straus's ("IJ") denial of Ponta–Garca's motion to terminate removal proceedings and secure a sixth continuance of his removal proceedings. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

Ponta–Garca argues: (1) that the IJ abused his discretion in denying Ponta–Garca's request for a continuance to allow him to pursue his application for adjustment of status and (2) that he was denied due process of law when the IJ determined

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

2. The Honorable Brian M. Cogan, United States District Court for the Eastern District of New York, sitting by designation.

that he did not have jurisdiction to oversee the Department of Homeland Security's ("DHS") adjudication of Ponta–Garca's wife's application for adjustment of status.

■ The denial of a continuance in removal proceedings is reviewed for abuse of discretion. *Morgan v. Gonzales*, 445 F.3d 549, 551 (2d Cir.2006). The IJ considered, and denied, Ponta–Garca's continuance request in the context of a proceeding in which Ponta–Garca (1) had already requested and received five continuances; (2) conceded that he was removable and was, at the time of the request for continuance, ineligible for adjustment of status, the only relief he requested and (3) requested a continuance to present an argument—estoppel based on the DHS's failure to timely adjudicate Ponta–Garca's wife's application for adjustment of status—that the IJ had no jurisdiction to consider. Given these circumstances, the IJ did not abuse his discretion in denying Ponta–Garca's request for a sixth continuance of his removal proceedings.

■ Ponta–Garca further argues that he was denied due process by the IJ's determination that he lacked jurisdiction to oversee the DHS's adjudication of Ponta–Garca's wife's application for adjustment of status. We do not have jurisdiction over this claim. This Court possesses jurisdiction to review final orders of removal, and the DHS's decision on Mrs. Ponta–Garca's adjustment application does not constitute such an order. *See* 8 U.S.C. § 1252(a), (b); *see also Colato v. INS*, 531 F.2d 678, 679–80 (2d Cir.1976). As a result, this portion of Ponta–Garca's petition for review must be dismissed for lack of jurisdiction.

For the foregoing reasons, the petition for review is **DENIED** in part and **DISMISSED** in part. Having completed our review, Ponta–Garca's pending motion for a stay of removal in this petition is **DISMISSED** as moot.