**Jens MICHELSON, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

**No. 89–9539.**

United States Court of Appeals, Tenth Circuit.

Feb. 27, 1990.

---

Jens Michelson, pro se.

Stuart M. Gerson, Asst. Atty. Gen. (Mark C. Walters, Asst. Director, and Norah Ascoli Schwarz, Attorney, Office of Immigration Litigation, with him on the brief), Dept. of Justice–Civil Div., Washington, D.C. for respondent.

Before TACHA, BALDOCK and BRORBY, Circuit Judges.*

BALDOCK, Circuit Judge.

Petitioner Jens Michelson petitions for review of a final order of the Board of Immigration Appeals dismissing his appeal from the order of an immigration judge finding him to be deportable and denying him a voluntary departure under § 244(e) of the Immigration and Nationality Act (the Act), 8 U.S.C. § 1254(e). Our jurisdiction to review the board's order arises under 8 U.S.C. § 1105a(a) and 28 U.S.C. c. 158 pertaining to review of orders of federal agencies. Our review is limited to the administrative record forming the basis for the deportation order. 8 U.S.C. § 1105a(a)(4). *Vassiliou v. District Dir. INS,* 461 F.2d 1193, 1195 (10th Cir.1972).

The Immigration and Naturalization Service (INS) initiated deportation proceedings against petitioner, alleging that the petitioner was not a United States citizen, but a citizen of Denmark who entered the United States at Nogales, Arizona, on February 25, 1988 as a one-week visitor and who remained in the United States for a longer time than permitted. 8 U.S.C. § 1251(a)(2). At the hearing before the immigration judge, petitioner admitted the allegations. Rec. at 28–30, 32–33. Given these admissions, the petitioner was ordered deported. The immigration judge declined to grant voluntary departure in lieu of deportation, 8 U.S.C. § 1254(e), given petitioner's admission that he had been convicted of receiving stolen property in Lorain County, Ohio, and had been sentenced to a term of six months incarceration. In exercising his discretion concerning voluntary departure, the immigration judge also considered that petitioner had no family in the United States.

■ As an initial matter, petitioner claims that he has no criminal record and that the immigration judge failed to advise him of his legal rights during the hearing. The transcript of petitioner's deportation hearing is devoid of any evidence to support these claims. Rather, petitioner admitted his six-month sentence, rec. at 36, and the immigration judge was careful to explain the proceeding to the petitioner, *see, e.g., id.* at 24–29. *See* 8 C.F.R. § 242.16 (hearing requirements). Our review of the record in this case convinces us that the findings of the immigration judge are supported "by clear, unequivocal, and convincing evidence and that the facts alleged as grounds for deportation are true." *See Woodby v. INS,* 385 U.S. 276, 286, 87 S.Ct. 483, 488, 17 L.Ed.2d 362 (1966); *see also* 8 U.S.C. § 1252(b)(4) ("no decision of deportability shall be valid unless it is based upon reasonable, substantial, and probative evidence"); 8 C.F.R. 242.14(a) (1989) ("A determination of deportability shall not be valid unless it is found by clear, unequivocal and convincing evidence that the facts alleged as grounds for deportation are true.").

■ As we read petitioner's brief, his primary contention is that he should have been represented by appointed counsel before the INS and on appeal. While the petitioner had the right to be represented by counsel in INS proceedings, the statute provides that it will not be at government expense. 8 U.S.C. § 1252(b)(2); *Delgado–Corea v. INS,* 804 F.2d 261, 262 (4th Cir. 1986). We are mindful that immigration is a sovereign prerogative and the judiciary must be wary of imposing procedural requirements that displace legislative and executive policy choices. *Landon v. Plasencia,* 459 U.S. 21, 34–35, 103 S.Ct. 321, 330–31, 74 L.Ed.2d 21 (1982). A deportation proceeding is civil in nature, not criminal, and various constitutional protections associated with criminal proceedings therefore are not required. *INS v. Lopez–Mendoza,* 468 U.S. 1032, 1038–39, 104 S.Ct. 3479, 3483, 82 L.Ed.2d 778 (1984). Thus, no sixth amendment right to counsel in a deportation proceeding exists. *Lozada v. INS,* 857 F.2d 10, 13 (1st Cir.1988); *United States v. Campos–Asencio,* 822 F.2d 506, 509 (5th Cir.1987); *Magallanes–Damian v. INS,*

---

* After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The cause therefore is ordered submitted without oral argument.

783 F.2d 931, 933 (9th Cir.1986); *Trench v. INS*, 783 F.2d 181, 183 (10th Cir.), *cert. denied*, 479 U.S. 961, 107 S.Ct. 457, 93 L.Ed.2d 403 (1986).

We have held that there is no right to appointed counsel in deportation proceedings. *Burquez v. INS*, 513 F.2d 751, 755 (10th Cir.1975). While a petitioner is entitled to due process in a deportation proceeding, due process is not equated automatically with a right to counsel. *Trench*, 783 F.2d at 183. The fifth amendment guarantee of due process speaks to fundamental fairness; before we may intervene based upon a lack of representation, petitioner must demonstrate prejudice which implicates the fundamental fairness of the proceeding. *See Bilokumsky v. Tod*, 263 U.S. 149, 157, 44 S.Ct. 54, 57, 68 L.Ed. 221 (1923) ("To render a hearing unfair the defect, or practice complained of, must have been such as might have led to a denial of justice, or there must have been absent one of the elements essential to due process."); *Magallanes–Damian*, 783 F.2d at 933; *Trench*, 783 F.2d at 183. Applying this test, petitioner's complaint concerning the lack of appointed counsel does not provide a valid ground for challenging the order of deportation because he has not shown prejudice which would cast doubt on the fundamental fairness of the proceeding.

Petitioner also faults the immigration judge for not advising him about the right to pursue a waiver or suspension of deportation. 8 U.S.C. §§ 1182(c), 1254(a); *see also* 8 C.F.R. § 242.17(a) (immigration judge to inform petitioner of "apparent eligibility" for certain remedial provisions). As an initial matter, we note that the immigration judge acknowledged a duty to consider any relief available for petitioner, rec. at 33, and concluded that the only potential relief was a voluntary departure in lieu of deportation, 8 U.S.C. § 1254(e). We think that the immigration judge complied with the regulation, 8 C.F.R. § 242.17(a), which only requires that the judge inform the alien of other forms of discretionary relief when the alien has demonstrated his "apparent eligibility" for such relief. *Ghaeli-*

*an v. INS*, 717 F.2d 950, 952–53 (6th Cir. 1983); *United States v. Barraza–Leon*, 575 F.2d 218, 221–22 (9th Cir.1978). A deportation hearing is unlike a law school exam; the immigration judge is not required to construct elaborate theories, marshal obscure facts and develop an arguable basis for relief from deportation. Rather, the judge need only inform the alien of "apparent eligibility" for relief. Moreover, we are unaware of any set of facts which would establish that petitioner was entitled to such relief.

The advantage of a voluntary departure is that it allows an alien to "avoid[ ] both the stigma of deportation … and the limitations on his selection of destination." *Landon*, 459 U.S. at 26, 103 S.Ct. at 326; *see* 8 U.S.C. §§ 1252(b), 1253(a). Given that voluntary departure is a matter of discretion left with the attorney general, we review whether the discretion was exercised and, if so, whether it was exercised in a non-arbitrary and non-capricious manner. *Becerra–Jimenez v. INS*, 829 F.2d 996, 999 (10th Cir.1987); *Pilapil v. INS*, 424 F.2d 6, 9 (10th Cir.), *cert. denied*, 400 U.S. 908, 91 S.Ct. 152, 27 L.Ed.2d 147 (1970). The requirements for voluntary departure are that the petitioner: (1) have the means to depart voluntarily from the United States and (2) "is, and has been, a person of good moral character for at least five years" previously. 8 U.S.C. § 1254(e); 8 C.F.R. § 244.1. While petitioner contended that he could raise $500 to $1,000 to leave the United States, the immigration judge chose to exercise his discretion against voluntary departure on the basis of the second requirement. The petitioner had stayed beyond his temporary admittance to the United States and had acquired a criminal conviction for trafficking in stolen property. Rec. at 21. The immigration judge thus exercised his discretion in a non-arbitrary and non-capricious manner; there was no abuse of discretion.

In his brief, petitioner suggests that the immigration judge should have considered whether petitioner was eligible for a discretionary waiver of deportation under § 212(c) of the Act. 8 U.S.C. § 1182(c).

Such a waiver may be available to "[a]liens lawfully admitted for permanent residence" who subsequently have accumulated "lawful unrelinquished domicile of seven consecutive years." 8 U.S.C. § 1182(c). The seven year period runs from the time the alien is admitted to permanent residence status. *Avila–Murrieta v. INS*, 762 F.2d 733, 734 (9th Cir.1985). Although petitioner claims that he has been in the United States since 1981, there is no evidence that he was "lawfully admitted for permanent residence," which means "the status of having been lawfully accorded the privilege of residing permanently in the United States as an immigrant in accordance with the immigration laws," 8 U.S.C. § 1101(a)(20). Permanent residence status is an essential element for discretionary relief under § 1182(c); accordingly, petitioner was ineligible for such relief and the immigration judge did not err in failing to consider it expressly.

 Presumably, petitioner contends that the immigration judge should have considered relief *sua sponte* under 8 U.S.C. § 1254(a), which gives the attorney general discretion to suspend deportation and "adjust the status to that of an alien lawfully admitted for permanent residence." *Id.;* 8 C.F.R. § 242.17(a). Petitioner would be required to show seven years of continuous physical presence, good moral character and extreme hardship to himself, a spouse, a parent or child who is a United States citizen or a lawfully admitted permanent resident alien. 8 U.S.C. §§ 1254(a)(1) and 1254(b)(2). The attorney general is empowered to construe "extreme hardship" narrowly. *INS v. Jong Ha Wang*, 450 U.S. 139, 145, 101 S.Ct. 1027, 1031, 67 L.Ed.2d 123 (1981) (per curiam).

Petitioner simply presented insufficient evidence on each element to require the immigration judge to consider this alternative *sua sponte.* For example, it would appear that petitioner's conviction for receiving stolen property is inconsistent with the required element of good moral character. And although petitioner claims that his deportation will cause hardship to himself, his family and his future wife, peti-tioner must claim excessive hardship through himself, given his admission that he has no family in the United States. *See* 8 U.S.C. § 1254(a)(1). It is well settled that economic detriment alone is insufficient to satisfy the extreme hardship requirement. *Id.; Zamora–Garcia v. United States Dep't of Justice INS*, 737 F.2d 488, 491 (5th Cir.1984). And petitioner's generalized reluctance to leave the United States because he has become accustomed to it, though understandable, does not rise to the level of extreme hardship. The immigration judge did not err in failing to consider expressly a discretionary suspension of deportation under 8 U.S.C. § 1254(a).

The petition for review is DENIED.