946 F.2d 901
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Richard Addision KWESI, Petitioner,
v.
IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 91-9518.
 United States Court of Appeals, Tenth Circuit.
 Oct. 16, 1991.
 
 Before LOGAN, JOHN P. MOORE and BALDOCK, Circuit Judges.
 ORDER AND JUDGMENT*
 LOGAN, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 An immigration judge found petitioner Richard Addison Kwesi deportable under former 8 U.S.C. § 1251(a)(2) as a nonimmigrant visitor who overstayed the length of his permitted visit. The decision was affirmed by the Board of Immigration Appeals, and petitioner has appealed to this court.
 
 
 3
 Petitioner raises two issues on appeal: (1) whether petitioner's deportation hearing before the immigration judge in which petitioner was unrepresented by counsel violated his due process rights; and (2) whether the Board erred in ordering petitioner's deportation.
 
 
 4
 Aliens in deportation hearings are entitled to have legal representation, but they must pay for it themselves, see 8 U.S.C. § 1252(b)(2); the Sixth Amendment right of indigent defendants in criminal cases to appointed counsel at government expense has no application in civil deportation proceedings. Michelson v. INS, 897 F.2d 465, 467-68 (10th Cir.1990). The record indicates that petitioner was advised of his right to have counsel represent him and was provided a list of attorneys and legal service organizations he might contact to arrange for representation. Petitioner appeared at hearings without counsel, however, and was given three successive continuances to enable him to find counsel. Finally, he stated that he did not have the finances necessary to acquire counsel and did not know when he would have such finances. In these circumstances the court denied a further continuance and held the hearing.
 
 
 5
 At the hearing petitioner testified and had an opportunity to present other evidence and to refute evidence presented by the INS. After viewing the record we are satisfied that there was no abuse of the court's discretion in denying a further continuance, see Kashefi-Zihagh v. INS, 791 F.2d 708, 710-11 (9th Cir.1986) (abuse of discretion standard), and that petitioner was given a full and fair hearing and not denied due process. See Michelson, 897 F.2d at 468; Trench v. INS, 783 F.2d 181, 182-83 (10th Cir.), cert. denied, 479 U.S. 961 (1986).
 
 
 6
 Petitioner admitted at the hearing that he had overstayed the expiration of his visitor's visa. His only defense against deportation was that his wife, an American citizen, had applied for immediate relative status in his behalf under § 201(b) of the Immigration and Nationality Act. 8 U.S.C. § 1151(b). He argues that the proceedings should have been continued pending the decision on that petition.
 
 
 7
 Petitioner's testimony at the hearing was that his wife had once filed an application to secure permanent status on petitioner's behalf but then withdrew it. No explanation was given for the withdrawal of the petition. Petitioner then stated that his wife had filed a second application approximately three months before the hearing (after the show cause order had been issued) and that the district director had not yet acted. No copy of the wife's applications was introduced; no testimony was taken from petitioner's wife.
 
 
 8
 In denying relief and ordering involuntary departure, the immigration judge and the Board relied in part upon the fact that petitioner was ineligible for voluntary departure under 8 U.S.C. § 1254(e)(1) because he would not be able to establish the good moral character required due to his recent imprisonment in a penal institution for an aggregate of more than 180 days. See 8 U.S.C. § 1101(f)(7). Petitioner admitted to having been convicted of child cruelty in Michigan, having violated the terms of his probation, and having been sentenced to serve approximately nine months in state prison. He was released only a few months before the deportation hearing.
 
 
 9
 We agree with the INS that because of petitioner's admitted overstay of his visa, making him eligible for deportation, and his service of a prison term that made him ineligible for voluntary departure, we must uphold the Board's decision.
 
 
 10
 AFFIRMED.
 
 
 11
 The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3