946 F.2d 902
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Jovita M. VARGAS-DE-CORDOVA, Petitioner,
v.
IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 90-9587.
 United States Court of Appeals, Tenth Circuit.
 Oct. 23, 1991.
 
 Before McKAY, Chief Judge, EBEL, Circuit Judge, and SAFFELS,* District Judge.
 ORDER AND JUDGMENT**
 McKAY, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. Petitioner's request for oral argument is therefore denied, and the case is ordered submitted without oral argument.
 
 
 2
 This petition is brought by Jovita Vargas-de-Cordova, a deportable alien, seeking review of a final order of the Board of Immigration Appeals, denying her a waiver of deportation pursuant to section 212(c) of the Immigration and Nationality Act, 8 U.S.C. § 1182(c).[1] We have reviewed the record and the appellate briefs and conclude that Petitioner has not met the threshold requirement of "lawful unrelinquished domicile of seven consecutive years" in the United States in order to be qualified for consideration under section 212(c).
 
 
 3
 This case is controlled by Michelson v. Immigration & Naturalization Service, 897 F.2d 465 (10th Cir.1990), in which we held "[t]he seven year period runs from the time the alien is admitted to permanent residence status." Id. at 469 (emphasis added) (citing Avila-Murrieta v. INS, 762 F.2d 733, 734 (9th Cir.1985)). Although Petitioner claims to have resided in the United States since 1975, she did not acquire " 'the status of having been lawfully accorded the privilege of residing permanently in the United States as an immigrant in accordance with the immigration laws,' " until August 27, 1984. Michelson at 469 (quoting 8 U.S.C. § 1101(a)(20)). We further held that "[p]ermanent residence status is an essential element for discretionary relief under § 1182(c); accordingly, [without the requisite lawful residence status] petitioner [is] ineligible for such relief...." Michelson at 469.
 
 
 4
 The petition for review is DENIED.
 
 
 
 *
 Honorable Dale E. Saffels, Senior District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Section 212(c) states in pertinent part:
 Aliens lawfully admitted for permanent resident who temporarily proceeded abroad voluntarily and not under an order of deportation, and who are returning to a lawful unrelinquished domicile of seven consecutive years, may be admitted in the discretion of the Attorney General without regard to the provisions of subsection (a) of this section....