956 F.2d 277
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Lorenzo David BARRAZA, Petitioner,
v.
IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 91-9532.
 United States Court of Appeals, Tenth Circuit.
 Feb. 18, 1992.
 
 Before LOGAN, BARRETT and EBEL, Circuit Judges.
 ORDER AND JUDGMENT*
 LOGAN, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Petitioner Lorenzo David Barraza appeals the order of the Board of Immigration Appeals (Board) denying his application for a waiver of deportation under 8 U.S.C. § 1182(c). The INS seeks to dismiss the appeal based on a recent amendment to § 1182(c). We do not decide whether the amendment to § 1182(c) applies to this case, because in either case petitioner is entitled to no relief.
 
 
 3
 Petitioner argues that the Board abused its discretion when it denied him a waiver of deportation because it relied on assumptions he argues were unsupported by the record and it failed to adequately consider whether he had established rehabilitation. Our review of the denial of discretionary relief is for abuse of discretion, see Vargas v. INS, 831 F.2d 906, 908 (9th Cir.1987), and is limited to the administrative record, see Michelsen v. INS, 897 F.2d 465, 467 (10th Cir.1990).
 
 
 4
 Petitioner was convicted in 1982 of second degree murder and again in 1987 for distribution of less than 500 grams of cocaine and aiding and abetting. The Board's denial of petitioner's application for relief from deportation was based on the seriousness of these crimes and the fact that the second crime was committed shortly after petitioner had completed service of imprisonment on his first crime. Petitioner asserts that there were no details in the record concerning the facts surrounding his first crime, his deportation would cause significant hardship to his family, and he has had long time residence in the United States.
 
 
 5
 The immigration judge's decision makes it clear that he believed that petitioner was required to establish genuine rehabilitation. However, the Board's decision states that such a showing is not an absolute prerequisite but rehabilitation is a factor to be considered. The Board reviews de novo the immigration judge's findings of fact and conclusions of law. See, e.g., Rivera v. INS, 810 F.2d 540, 541 (5th Cir.1987). In this appeal, we review the decision of the Board. Thus, because the Board properly considered rehabilitation as a factor and not a requirement, we can find no error on this ground.
 
 
 6
 Petitioner argues that the Board gave undue weight to the second degree murder conviction and did not give sufficient weight to the factors in his favor. We believe that it was incumbent on petitioner to demonstrate to the Board why his conviction for second degree murder is less serious than it appears. There was testimony by one of petitioner's brothers that the conviction was as an accomplice, which the Board noted in its decision. We have examined the Board's decision carefully and reviewed the record with equal care. The Board clearly recognized and considered the factors in petitioner's favor, primarily his family ties and long residence. Weighing the favorable and unfavorable factors relevant to the decision, the Board articulated its reasoning consistent with the record. We cannot find that the Board abused its discretion in denying relief.
 
 
 7
 AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3