959 F.2d 245
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Richard Augustus WILSON, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 91-9547.
 United States Court of Appeals, Tenth Circuit.
 March 26, 1992.
 
 Before JOHN P. MOORE, TACHA and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 TACHA, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Petitioner Richard Wilson petitions for review of a decision by the Board of Immigration Appeals (BIA) that affirmed an Immigration Judge's denial of Wilson's application for suspension of deportation. On appeal, Wilson contends that the BIA abused its discretion by holding that Wilson failed to meet the "extreme hardship" requirement for suspension of deportation under 8 U.S.C. § 1254(a)(1). Our jurisdiction to review the BIA's order arises under 8 U.S.C. § 1105a(a) and 28 U.S.C. § 158, pertaining to review of orders of federal agencies. We affirm.
 
 
 3
 The Immigration and Naturalization Service (INS) initiated deportation proceedings against Wilson on grounds that he had overstayed his visa and had violated his nonimmigrant student status. 8 U.S.C. § 1251(a)(2) & (9). Wilson conceded to the Immigration Judge that he was deportable, but applied for suspension of deportation under 8 U.S.C. § 1254(a). The Immigration Judge found that Wilson was deportable, denied his application for suspension of deportation, but granted Wilson voluntary departure. The BIA affirmed the Immigration Judge's decision.
 
 
 4
 On appeal, Wilson contends that the BIA and the Immigration Judge erred by failing to consider all important factors regarding the "extreme hardship" that will result from his deportation. Extreme hardship is one of three requirements that must be met under 8 U.S.C. § 1254(a) before the Attorney General, in his discretion, may suspend deportation. Wilson contends that the following factors were not adequately considered: the length of time and significant portion of his life that Wilson has spent in the United States; Wilson's career and financial success and his need to support his family in Jamaica; and cultural difficulties Wilson would experience in readjusting to life in Jamaica.
 
 
 5
 After reviewing the Immigration Judge's decision, we conclude that the Judge adequately considered the factors cited by Wilson in this petition. We arrive at the same conclusion with respect to the BIA, which reviewed the potential hardships "carefully considered" by the Immigration Judge. In addition, we note the guidance provided by our decision in Michelson v. INS, 897 F.2d 465 (10th Cir.1990). There, we stated that when a petitioner "has no family in the United States," he "must claim excessive hardship through himself." Id. at 469. We also cited the well-settled rule that "economic detriment alone is insufficient to satisfy the extreme hardship requirement." Id. Finally, we stated that "petitioner's generalized reluctance to leave the United States because he has become accustomed to it, though understandable, does not rise to the level of extreme hardship." Id. Based on these principles, we conclude that the Immigration Judge and the BIA correctly determined that Wilson has not met the "extreme hardship" prerequisite under § 1254(a) for suspension of deportation.
 
 
 6
 AFFIRMED. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3