989 F.2d 507
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Burton Filiberto ORTIZ, Petitioner,
v.
IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 92-9536.
 United States Court of Appeals, Tenth Circuit.
 March 15, 1993.
 
 Before TACHA and BALDOCK, Circuit Judges, and BROWN,* Senior District Judge.**
 ORDER AND JUDGMENT***
 BALDOCK, Circuit Judge.
 
 
 1
 Petitioner Burton Filiberto Ortiz seeks review of an order of the Board of Immigration Appeals (BIA), denying his application for a suspension of deportation pursuant to 8 U.S.C. § 1254(a)(1). Because we find that the BIA did not abuse its discretion, we affirm.
 
 
 2
 Ortiz, a citizen of Mexico, first entered the United States without inspection in June 1982. His most recent entry into the United States was in February 1990, as a nonimmigrant visitor for pleasure. In May 1990, the Immigration and Naturalization Service (INS) ordered Ortiz to show cause why he should not be deported for noncompliance with the conditions of his nonimmigrant status. Conceding deportability, Ortiz submitted an application for suspension of deportation, alleging that he would suffer "extreme hardship" if he were deported.
 
 
 3
 After a hearing, the immigration judge found that Ortiz failed to show extreme hardship, but granted him voluntary departure until December 1, 1990. The BIA affirmed the immigration judge's decision, dismissing the appeal. This petition for review followed.
 
 
 4
 8 U.S.C. § 1254(a)(1) authorizes the Attorney General to suspend deportation of an alien who (1) has been physically present in the United States for not less than seven years; (2) is a person of good moral character; and (3) is "a person whose deportation would, in the opinion of the Attorney General, result in extreme hardship to the alien or to his spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence." The party applying for suspension of deportation "has the burden of proving both statutory eligibility for relief and the equities for a favorable exercise of discretion." Rivera-Zurita v. INS, 946 F.2d 118, 120 (10th Cir.1991). Once the statutory criteria have been met, we review the BIA's denial of a suspension of deportation for abuse of discretion. Id.; 8 U.S.C. § 1254(a).
 
 
 5
 Here, the only question is whether the "extreme hardship" prong was satisfied. Ortiz first argues that his departure would cause extreme hardship to his common law wife and United States citizen child. This argument, however, was never raised to the immigration judge or the BIA. Instead, Ortiz testified at the hearing that he had no family in the United States, and that his legal wife and children resided in Mexico. Judicial review "does not extend to points the alien could have made before the Board but did not." Rivera-Zurita, 946 F.2d at 120 n. 2.
 
 
 6
 Ortiz next argues that he will suffer hardship in adjusting to Mexico because he has lived in this country for most of his adult life and because it will be difficult to find a job in a health food store. We first note that Ortiz came to this country as a twenty-six year old adult. We have held that an alien's "generalized reluctance to leave the United States because he has become accustomed to it ... does not rise to the level of extreme hardship." Michelson v. INS, 897 F.2d 465, 469 (10th Cir.1990). Moreover, it is well settled that economic detriment alone is insufficient to satisfy the extreme hardship requirement. Id.
 
 
 7
 Ortiz argues that the immigration judge inadequately considered his back injury and the lack of available treatment in Mexico. The record, however, shows that the immigration judge considered this factor, noting that Ortiz has a simple muscle strain which does not prevent him from doing his prior work. There is no evidence that Ortiz would suffer serious health problems if deported. See, e.g., Patel v. INS, 741 F.2d 1134, 1138 (9th Cir.1984). There is also no evidence that Ortiz cannot receive adequate treatment in Mexico. Although he testified that there are no chiropractors in Merida, Mexico, he also indicated that chiropractic care is performed by a different type of medical provider. IR. at 33. In any event, Ortiz did not demonstrate that his back strain can only be treated by a chiropractor.
 
 
 8
 Finally, Ortiz argues that the immigration judge did not adequately consider the emotional distress Ortiz would suffer in leaving his employer and the effect his deportation would have on his employer's business. Because it is improper to consider hardship to a third party, other than a spouse, parent, or child, there was no error in the immigration judge's failure to consider the effect of Ortiz's deportation on his employer's business. See INS v. Hector, 479 U.S. 85, 88 (1986) (per curiam). The immigration judge clearly considered the loss of friendship Ortiz would suffer by leaving his employer but concluded that this did not rise to the level of "extreme hardship." We hold that the immigration judge's conclusion was well supported and, therefore, the BIA did not abuse its discretion in approving the immigration judge's denial of suspension of deportation.
 
 
 9
 The decision of the Board of Immigration Appeals is AFFIRMED.
 
 
 
 *
 Honorable Wesley E. Brown, Senior District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 **
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this petition for review. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument
 
 
 ***
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3