59 F.3d 178
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Algirdas KUPRYS, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-9577.
 United States Court of Appeals, Tenth Circuit.
 July 5, 1995.
 
 Before SEYMOUR, Chief Judge, McKAY and HENRY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 The parties have agreed that this case may be submitted for decision on the briefs. See Fed. R.App. P. 34(f); 10th Cir. R. 34.1.2. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 This matter is before the court on Petitioner's motion for leave to proceed on appeal without prepayment of costs or fees. In order to succeed on his motion, Petitioner must show both a financial inability to pay the required filing fees and the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal. See 28 U.S.C.1915(a); Coppedge v. United States, 369 U.S. 438 (1962); Ragan v. Cox, 305 F.2d 58 (10th Cir.1962). We conclude that Petitioner has met these requirements, and we grant the motion for leave to proceed on appeal without prepayment of costs or fees.
 
 
 3
 Mr. Kuprys has petitioned for review from a decision of the Board of Immigration Appeals to deport him to Lithuania because he has been convicted of an aggravated felony. Mr. Kuprys alleges two errors of law. First, he maintains that his status as an aggravated felon should not bar him from receiving withholding of deportation under 8 U.S.C. 1253(h)(2)(B). This argument has recently been conclusively foreclosed by this court in Al-Salehi v. INS, 47 F.3d 390, 393-96 (10th Cir.1995).
 
 
 4
 Mr. Kuprys also alleges certain technical procedural irregularities surrounding his deportation hearing. Mr. Kuprys had previously been granted asylum, which was necessarily revoked as part of the deportation order. Mr. Kuprys complains that his asylum should be revoked by an Asylum Officer, not by an immigration judge, and seeks a remand for further proceedings. He does not, however, argue that he is still eligible for asylum. When an alien challenges a deportation order on a procedural basis, he must demonstrate substantial prejudice arising from the alleged procedural defect "which would cast doubt on the fundamental fairness of the proceeding." Michelson v. INS, 897 F.2d 465, 468 (10th Cir.1990). Mr. Kuprys has failed to meet this standard as he has offered no legitimate reason why his deportation order should be invalidated.
 
 
 5
 AFFIRMED. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470