Not for Publication in West's Federal Reporter
Citation Limited Pursuant to 1ˢᵗ Cir. Loc. R. 32.3

# United States Court of Appeals
## For the First Circuit

No. 01-2323

MARCO G. ROBLES,

Petitioner,

v.

IMMIGRATION AND NATURALIZATION SERVICE,

Respondent.

ON PETITION FOR REVIEW OF AN ORDER OF THE

BOARD OF IMMIGRATION APPEALS

Before

Torruella, Circuit Judge,

Cyr and Stahl, Senior Circuit Judges.

William E. Graves, Jr., with whom Kerry E. Doyle and Graves & Doyle, were on brief, for petitioner.
Brenda M. O'Malley, Attorney, Office of Immigration Litigation, Civil Division, with whom Robert D. McCallum, Jr., Assistant Attorney General, and Terri J. Scadron, Senior Litigation Counsel, were on brief, for respondent.

December 31, 2002

**Per Curiam**.  Marco Robles appeals from the Board of Immigration Appeals's ("BIA") denial of his petitions for asylum and withholding of removal.  He also challenges the BIA's determination that he was not denied due process of law at his immigration hearing.  We affirm.

## I.  Background Facts

Robles is a Guatemalan of Mayan Indian descent.  In September 1989, his uncle, who was the mayor of his small town, and his three cousins were killed and their bodies were mutilated by unknown assailants.  Robles had worked closely with them on an agricultural education project, which was not opposed by the government.  Robles is unsure if the killings were because of his uncle's position as mayor, or if his relatives were targeted because of their agricultural teachings.

Shortly after the murders, Robles was approached at a public gathering and told, "You are next."  Approximately eighteen months after the murders, Robles moved to Guatemala City, where he lived for six months.  He entered the United States on foot, without inspection, in January 1992.  Robles claimed that he fled Guatemala because he was "just trying to preserve [his] life."

Robles filed for asylum in January 1996.  At an Order to Show Cause hearing in front of an Immigration Judge ("IJ"), Robles was represented by Elizabeth Skelton, a Canadian attorney not admitted to practice in the United States and not familiar with

immigration law. At his hearing, Robles testified that he felt fear and insecurity in his homeland, that no one has been apprehended for the murders of his relatives, and that his family believes that he will not be safe if he returns. The IJ found Robles's testimony internally consistent and credible but concluded that he was not eligible for asylum. The IJ therefore concluded that Robles was deportable as charged, and later denied Robles's application for asylum and withholding relief. The BIA adopted the IJ's decision and dismissed Robles's appeal; it also rejected Robles's claim that his due process rights were violated by the presence of an unaccredited representative at his hearing. This petition for review followed.

## II.  Standard of Review

The decision of the BIA denying Robles asylum is subject to a deferential standard of review.

> The BIA's determination that [petitioner] was not eligible for asylum must be upheld if "supported by reasonable, substantial, and probative evidence on the record considered as a whole." It can be reversed only if the evidence presented by [petitioner] was such that a reasonable factfinder would have to conclude that the requisite fear of persecution existed.

INS v. Elías-Zacarías, 502 U.S. 478, 481 (1992) (citations omitted).

Robles's claim that the immigration judge violated his due process rights by allowing his friend to represent him is

-3-

reviewed de novo.  See Morales v. INS, 208 F.3d 323, 327 (1st Cir. 2000).

### III.  Discussion

After a review of the record, we determine that the BIA had substantial evidence to deny Robles's claim for political asylum.  An applicant for asylum must demonstrate that he is statutorily eligible for relief, and that he warrants it as a matter of discretion.  An alien is eligible for asylum if he can show that he either has suffered past persecution or has a well-founded fear of future persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.  Elías-Zacarías, 502 U.S. at 481.  To qualify as persecution, a person's experience must rise above unpleasantness, harassment, and even basic suffering.  Nelson v. INS, 223 F.3d 258, 263 (1st Cir. 2000).

Robles experienced tragic events in Guatemala: four of his relatives were murdered and he was subjected to a vague threat. However, the BIA was reasonable in finding that this is insufficient evidence of past or future persecution to warrant asylum.[1]  Robles is unsure of the identity or motivation of those who killed his relatives and threatened him.  He cannot show that

---

[1]  Since Robles is unable to meet the standard for asylum, he is also unable to meet the standard for withholding of deportation, which requires a higher showing.  Velásquez v. Ashcroft, 305 F.3d 62, 64 n.2 (1st Cir. 2002).

-4-

they were targeted on account of their membership in a statutorily protected group. See 8 U.S.C. § 1101(a)(42)(A). Even after being threatened, Robles continued to live in Guatemala without incident, spending nearly a year in the small town he grew up in and six months in Guatemala City. Cf. Velásquez, 305 F.3d at 66 (noting that petitioners' continued residence in Guatemala following the killing of their family members and a threat against them supported the BIA's finding that petitioners were not targeted on any individual basis). Robles's immediate family continues to reside peacefully in his hometown, and his father continues to work in agriculture. Cf. id. ("'The fact that close relatives continue to live peacefully in the alien's homeland undercuts the alien's claim that persecution awaits his return.'") (quoting Aguilar-Solís v. INS, 168 F.3d 565, 573 (1st Cir. 1999)). There was no evidence presented that Robles's life would be in danger if he returned. Finally, documentary evidence shows that a peace accord was signed in 1996, ending a thirty-six year civil war between guerilla groups and the government, and that the overall human rights situation in Guatemala has improved since Robles's departure.

We also hold that Robles was not denied due process at his immigration hearing. He was afforded the opportunity to present his case and testified on his own behalf. Skelton conducted a detailed direct examination. Skelton also invited Robles to describe his decision to leave Guatemala and the current

-5-

situation in that country. After the testimony, Skelton directed the IJ's attention to documentary evidence which she believed supported Robles's asylum claim. Robles was then cross-examined, and the IJ asked him questions. Robles testified through an interpreter and was permitted to answer all questions without comment or interruption. If Robles failed to present detailed evidence at his immigration hearing, it was not because he was not given sufficient opportunity. Robles has also failed to show how his case would have been decided differently if someone other than Skelton had represented him at the hearing. See Michelson v. INS, 897 F.2d 465, 468 (10th Cir. 1990). He has not proffered any additional testimonial or documentary evidence that would have been presented to the IJ had Skelton not participated in the hearing.

For the reasons stated above, the decision of the Board of Immigration Appeals is **affirmed**.