**F I L E D**

**UNITED STATES COURT OF APPEALS**

**November 28, 2006**

**TENTH CIRCUIT**

SADIQ SHAMSUDDIN EBRAHIM,

Petitioner,

v.

ALBERTO R. GONZALES, United
States Attorney General,

Respondent.

No. 06-9549

(Bd. of Immigration Appeals)

(B.I.A. No.  A98 425 565)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, Chief Circuit Judge, **HARTZ**, and **TYMKOVICH**, Circuit
Judges.

Sadiq Shamsuddin Ebrahim seeks review of an order by the Board of

Immigration Appeals (BIA) affirming the denial by an immigration judge (IJ) of

his request for voluntary departure.  He argues that (1) the IJ erred in finding that

he had made false claims of United States citizenship and (2) there was no

_____

[*]After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel.  The court generally disfavors the citation of orders and
judgments; nevertheless, an order and judgment may be cited under the terms and
conditions of 10th Cir. R. 36.3.

evidence to support a finding that the alleged false claims occurred on or after April 1, 1997.  We conclude that we lack jurisdiction to review his claims and dismiss his petition for review.

Mr. Ebrahim, a native and citizen of Pakistan, entered the United States in 1996 on a nonimmigrant student visa.  In September 2003 he failed to carry a full course of study as required by his visa, and on September 9, 2004, the Immigration and Naturalization Service (INS)[1] initiated removal proceedings against him.  Mr. Ebrahim subsequently conceded removability but requested that he be allowed to depart voluntarily.

In an oral decision on February 15, 2005, the IJ denied Mr. Ebrahim's application to depart voluntarily.  In reaching his decision the IJ noted that Mr. Ebrahim had admitted that he had claimed to be a United States citizen to obtain employment in restaurants in Texas and Oklahoma.  The IJ said that this admission weighed heavily against a grant of voluntary departure and concluded "as a matter of discretion [that he] should deny [Mr. Ebrahim's] application for an opportunity to voluntarily depart."  R. at 46.  The BIA summarily affirmed the IJ's decision on April 19, 2006, leaving the IJ's decision as the final agency determination.  Mr. Ebrahim then sought review in this court.

---

[1]The Notice to Appear issued to Mr. Ebrahim on September 9, 2004, lists the issuing agency as the INS.  On March 1, 2003, however, the INS ceased to exist; its functions have been transferred to three separate agencies within the Department of Homeland Security. *See Abiodun v. Gonzales*, 461 F.3d 1210, 1212 n.1 (10th Cir. 2006).

Although the BIA's denial of voluntary departure is ordinarily outside the scope of judicial review, *see* 8 U.S.C. § 1229c(f) ("No court shall have jurisdiction over an appeal from denial of a request for an order of voluntary departure . . . ."); *id.* § 1252(a)(2)(B)(I) (no court has jurisdiction to review "any judgment regarding the granting of relief under section . . . 1229c [governing voluntary departure]"), we are not ousted of jurisdiction to review "constitutional claims" and "questions of law," *id.* § 1252(a)(2)(D); *see Vargas v. Dep't of Homeland Sec.*, 451 F.3d 1105, 1107 (10th Cir. 2006). That exception to denial of jurisdiction does not, however, avail Mr. Ebrahim.

Mr. Ebrahim's first argument—that the IJ erred in finding that he had made a false claim of United States citizenship—raises no constitutional issue or question of law. The IJ made no binding finding that Mr. Ebrahim had made false claims of citizenship. The government asserts in its brief that he was not "found removable for making a false claim of . . . citizenship," Resp't Br. at 11, and that the IJ's ruling "does not preclude Ebrahim from presenting himself for admission after the ten year bar [for all removed aliens] has expired," *id.* at 12 n.6. Rather, his claims of citizenship were merely a factor the IJ considered in exercising his discretion to deny the application for voluntary departure. *See Michelson v. INS*, 897 F.2d 465, 468 (10th Cir. 1990) (grant or denial of voluntary departure is discretionary); *Navidi-Masouleh v. Ashcroft*, 107 F. Appx 856, 861 (10th Cir. 2004) ("[W]e do not have jurisdiction to review the BIA's discretionary decision

-3-

to grant petitioner voluntary departure."). Accordingly, we lack jurisdiction to review this argument. We note that Mr. Ebrahim's testimony at the hearing before the IJ may prejudice any future attempt by him to enter this country; but that prejudice is not a consequence of any ruling by the IJ.

Mr. Ebrahim's second argument is that there is no evidence in the record to support a finding that his alleged false claim of citizenship occurred on or after April 1, 1997, which he claims was the effective date for a statutory provision rendering excludable an alien who makes such a false claim. *See* Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub. L. No. 104-208, § 344(a)(2), 110 Stat. 3009, 3009-637 (1996) (codified at 8 U.S.C. § 1182(a)(6)(C)(ii)). He is correct that "the record is silent" on the date his false claim of citizenship occurred. Pet'r Br. at 17. But the record is also devoid of any indication that he made this argument before the BIA. (His statement in his brief to the BIA that "[t]here is . . . no evidence to support a finding if the alleged false claim arose during the qualifying period for voluntary departure," R. at 17, is hardly the same claim he makes before this court.) We therefore lack jurisdiction to review it. *See Galvez Pineda v. Gonzales*, 427 F.3d 833, 837 (10th Cir. 2005) ("Failure to exhaust administrative remedies by not first presenting a claim to the BIA deprives this court of jurisdiction to hear it.").

We DISMISS Mr. Ebrahim's petition for review for lack of jurisdiction.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge