IKUTA, J.,
concurring:
I concur in the majority’s decision reluctantly. Although I am bound by Montes-Lopez v. Holder’s holding that the denial of an alien’s statutory right to counsel is per se reversible error, 694 F.3d 1085, 1090, 1093-94 (9th Cir.2012), this conclu *712 sion contradicts our precedents, see Singh v. Holder, 638 F.3d 1196, 1209 (9th Cir.2011); Tawadrus v. Ashcroft, 364 F.3d 1099, 1103 (9th Cir.2004); Castro-O’Ryan v. U.S. Dep’t of Immigration & Naturalization, 847 F.2d 1307, 1312-13 (9th Cir.1987), is contrary to basic principles of administrative law, see Shinseki v. Sanders, 556 U.S. 396, 406-07, 129 S.Ct. 1696, 173 L.Ed.2d 532 (2009), and comes down on the wrong side of a circuit split, see, e.g., Ogbemudia v. INS, 988 F.2d 595, 598 (5th Cir.1993) (requiring a petitioner who alleges a denial of the right to counsel in immigration proceedings to demonstrate prejudice); Farrokhi v. INS, 900 F.2d 697, 702 (4th Cir.1990) (same); Michelson v. INS, 897 F.2d 465, 468 (10th Cir.1990) (same).
Montes-Lopez’s improper reliance on Sixth Amendment precedents, see 694 F.3d at 1092, side-steps our long-established rule that a petitioner has only a statutory right to counsel, 8 U.S.C. § 1362, that “stem[s] from the Fifth Amendment guarantee of due process,” Tawadrus, 364 F.3d at 1103. Our precedents make clear that violations of the Fifth Amendment guarantee of due process in the immigration context are subject to review for harmless error. See, e.g., Singh, 638 F.3d at 1209 (rejecting claim of due process error where the petitioner could not demonstrate prejudice); Sanchez-Cruz v. INS, 255 F.3d 775, 779 (9th Cir.2001) (requiring an alien to demonstrate prejudice to obtain relief from a BIA decision that violates due process). Indeed, we have explained that the agency’s failure to accord an alien the statutory right to counsel would amount to a denial of due process only “[i]f the prejudice to the alien is sufficiently great.” Castro-O’Ryan, 847 F.2d at 1313. In reaching the erroneous conclusion that a violation of a petitioner’s Fifth Amendment right is a structural error requiring remand in every case, Montes-Lopez turned its back on these binding precedents.
Not only does Montes-Lopez’s conclusion conflict with our case law, it also contradicts basic principles of administrative law. As the Supreme Court explained in Shinseki v. Sanders, federal courts may not presume that an administrative agency’s error was prejudicial, but rather must determine harmlessness on a fact-specific, case by case basis. 556 U.S. at 407, 129 S.Ct. 1696. Although Sanders articulated this rule in the context of veteran claims appeals, the Court noted this rule applied to other administrative agency decisions as well. Id. at 406, 129 S.Ct. 1696. And we have likewise acknowledged the applicability of this rule in immigration proceedings. Castro-O’Ryan, 847 F.2d at 1313; see also Zolotukhin v. Gonzales, 417 F.3d 1073, 1076-77 (9th Cir.2005) (holding that the petitioner must show prejudice before we can grant a petition for review based on a due process violation). Indeed, there is no logical basis for holding that the denial of the statutory right to counsel is a structural error in immigration proceedings, particularly when such an error is reviewed for harmlessness in other administrative contexts. See Vidal v. Harris, 637 F.2d 710, 713 (9th Cir.1981) (requiring a social security claimant to “demonstrate prejudice or unfairness in the administrative proceedings” from “the absence of counsel”).
Now, instead of following the circuits that properly adhere to this long-established analysis applicable to agency errors, Montes-Lopez and the out-of-circuit opinions on which it relies inexplicably abandon this standard and instead treat an alien’s Fifth Amendment statutory right to counsel “at no expense to the government” as if it were equivalent to a criminal defendant’s absolute Sixth Amendment right to coun *713 sel. Montes-Lopez, 694 F.3d at 1092-93. This conclusion has no basis in the Constitution or in precedent, and is contrary to Sanders’s warning against the use of “mandatory presumptions and rigid rules rather than case-specific application of judgment” in determining whether an administrative agency’s error requires reversal. 556 U.S. at 407, 129 S.Ct. 1696.
Accordingly, while I am bound by Montes-Lopez, it was wrongly decided, and we should revisit this decision en banc.