**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 22, 2023**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

JESUS PEREZ-GARCIA,

    Petitioner,

v.

MERRICK B. GARLAND,
United States Attorney General,

    Respondent.

No. 22-9543
(Petition for Review)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **PHILLIPS**, **KELLY**, and **McHUGH**, Circuit Judges.
_____

Jesus Perez-Garcia petitions for review of a decision by the Board of

Immigration Appeals (BIA) affirming an order by an Immigration Judge (IJ) denying

his application for withholding of removal.  We deny the petition in part and dismiss

it in part for lack of jurisdiction.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument.  *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G).  The case is therefore submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## BACKGROUND

Mr. Perez-Garcia is a native and citizen of Mexico.  He entered the United States without inspection.  The Department of Homeland Security served him with a Notice to Appear charging him with being removable under 8 U.S.C. § 1182(a)(6)(A)(i) as a noncitizen present in the United States without being admitted or paroled.  Mr. Perez-Garcia appeared before the IJ, conceded removability, and requested cancellation of removal under 8 U.S.C. § 1229b(b)(1).  In support of this request, he submitted over 200 pages of documentary evidence, including the report of a Licensed Clinical Social Worker.

The IJ issued an oral decision denying the request for cancellation of removal. The IJ found that Mr. Perez-Garcia met three of the four requirements for cancellation—continuous physical presence for at least ten years, good moral character during that ten-year period, and lack of any disqualifying criminal convictions, see § 1229b(b)(1)(A)–(C).  But the IJ also found that he failed to establish the fourth requirement, that his qualifying relatives would suffer hardship "substantially beyond the ordinary hardship that would be expected when a close family member leaves the United States."  R. at 64.

Mr. Perez-Garcia, through new counsel, filed an appeal with the BIA, challenging the IJ's finding regarding the degree of hardship his qualifying family members would face from his removal from the United States.  In his notice of appeal to the BIA, Mr. Perez-Garcia indicated he was also appealing the denial of his

2

application for cancellation of removal because "he was not represented well by his previous counsel," R. at 53, but he failed to further brief this point before the agency.

The BIA dismissed the appeal, "adopt[ing] and affirm[ing] the decision of the [IJ]." R. at 3. As to the claims of ineffective assistance of counsel, the BIA concluded that, "[b]ecause [Mr. Perez-Garcia] [did] not meaningfully present[] these issues in the Notice of Appeal or pursue[] them in his appellate brief, [it] deem[ed] them waived." R. at 3, n.2. This petition for review, through a third attorney, followed.

## DISCUSSION

Because a single board member issued the BIA decision, we review it "as the final agency determination and limit our review to issues specifically addressed therein." *Diallo v. Gonzales*, 447 F.3d 1274, 1279 (10th Cir. 2006). "We consider any legal questions de novo, and we review the agency's findings of fact under the substantial evidence standard. Under that test, our duty is to guarantee that factual determinations are supported by reasonable, substantial and probative evidence considering the record as a whole." *Elzour v. Ashcroft*, 378 F.3d 1143, 1150 (10th Cir. 2004). "To obtain reversal of factual findings, a petitioner must show the evidence he presented was so compelling that no reasonable factfinder could find as the BIA did." *Gutierrez-Orozco v. Lynch*, 810 F.3d 1243, 1245 (10th Cir. 2016) (internal quotation marks omitted).

Mr. Perez-Garcia raises two issues in his petition for review. He argues that (1) the BIA erred in denying his application for cancellation of removal "in light of

3

ineffective assistance of counsel and due process violations," Pet'r Opening Br. at 1, and (2) the BIA erred in denying his application for cancellation of removal based upon the evidence he presented to the IJ.

In connection with the first argument, Mr. Perez-Garcia asserts that (a) his counsel before the IJ was ineffective for failing to call witnesses and to submit a more thorough pre-hearing brief and (b) his counsel who assisted him before the BIA was ineffective because of his failure to raise the issue of ineffective assistance of prior counsel. But Mr. Perez-Garcia did not exhaust the claims involving his counsel in the IJ proceedings by presenting them to the agency beyond a single sentence in his notice of appeal to the BIA. The BIA therefore deemed these claims waived. And in his petition for review, Mr. Perez-Garcia necessarily acknowledges the inadequacy of his prior counsel's briefing before the BIA in that it predicates his second claim of ineffective assistance of counsel. So, the claims involving the IJ counsel are barred from judicial review.

Under 8 U.S.C. § 1252(d)(1), we "may review a final order of removal only if . . . the alien has exhausted all administrative remedies available to the alien as of right . . . ." We had previously held a petitioner's failure to exhaust claims before the agency was a jurisdictional defect, *see Torres de la Cruz v. Maurer*, 483 F.3d 1013, 1017-18 (10th Cir. 2007), but in *Santos-Zacaria v. Garland*, 598 U.S. 411, 413 (2023), the Supreme Court held "§ 1252(d)(1) is not jurisdictional." Even if not jurisdictional, though, § 1252(d)(1) is still "mandatory," *id.* at 421, and the government invoked it here. *See* Resp. Br. at 11–14. And "[w]hen Congress uses

4

mandatory language in an administrative exhaustion provision, a court may not excuse a failure to exhaust." *United States v. Palomar-Santiago*, 141 S. Ct. 1615, 1621 (2021) (internal quotation marks omitted).

Per *Santos-Zacaria*, § 1252(d)(1) does *not* preclude our review of Mr. Perez-Garcia's claims concerning ineffective assistance of counsel before the BIA because even though he *could have* sought reconsideration before the BIA on the basis of the alleged ineffectiveness of his prior counsel, he "need not request . . . reconsideration of an unfavorable [BIA] determination[] in order to satisfy § 1252(d)(1)'s exhaustion requirement." 598 U.S. at 413–14.

The reviewable aspect of Mr. Perez-Garcia's ineffective-assistance-of-counsel argument, though, fails on its merits. "[D]ue process is not equated automatically with a right to counsel. The fifth amendment guarantee of due process speaks to fundamental fairness; before we may intervene based upon a lack of representation, petitioner must demonstrate prejudice which implicates the fundamental fairness of the proceeding." *Michelson v. I.N.S.*, 897 F.2d 465, 468 (10th Cir. 1990) (internal citation omitted). Mr. Perez-Garcia does not demonstrate prejudice which implicates the fundamental fairness of his deportation proceeding. Instead, he details facts supporting his underlying claim of extraordinary hardship, all of which he supports with reference to documents that his first attorney submitted with his prehearing brief before the IJ. *See* Pet'r Opening Br. at 16–18.

He asserts that "[a]t no point during the agency proceedings were the relevant decision-makers presented fully with, and able to meaningfully consider, [this]

5

evidence." *Id.* at 16.  But this assertion is untrue.  The IJ acknowledged the evidence to which Mr. Perez-Garcia refers.  R. at 61 ("All the statements made in that form EOIR 42B were considered. . . .  [T]he supporting documents . . .were considered as well. . . .  There's also a licensed clinical social worker's report. . . .  It was also considered.")  And the BIA "adopt[ed] and affirm[ed] the decision of the [IJ]."  R. at 3.

 "[O]ur general practice . . . is to take a lower tribunal at its word when it declares that it has considered a matter."  *Hackett v. Barnhart*, 395 F.3d 1168, 1173 (10th Cir. 2005).  Mr. Perez-Garcia demonstrates no reason to depart from that general practice here.  Although he disagrees with the conclusions the IJ and BIA reached based on the evidentiary record, he falls well short of showing the agency failed to consider it, and he therefore has not shown prior counsel's performance resulted in prejudice implicating the fundamental fairness of his proceedings.

Independent of his ineffective-assistance-of-counsel arguments, Mr. Perez-Garcia argues the BIA erred when it denied his application for cancellation of removal.[1]  But we lack jurisdiction to consider this argument because it challenges the agency's discretionary function.  Under § 1252(a)(2)(B)(i), "no court shall have jurisdiction to review . . . any judgment regarding the granting of relief under . . . § 1229b."  "Our court reads this provision as denying jurisdiction to review the

---

[1] Mr. Perez-Garcia's two primary arguments in his petition for review are fundamentally inconsistent with one another:  on one hand he faults prior counsel for not creating an adequate evidentiary record in support of his application for cancellation, but on the other he claims the IJ erred in not granting his application on the basis of that same record.

discretionary aspects of a decision concerning cancellation of removal under § 1229b(b)(1)." *Galeano-Romero v. Barr*, 968 F.3d 1176, 1181 (10th Cir. 2020) (internal quotation marks omitted). Such discretionary aspects include "the determination of whether the petitioner's removal from the United States would result in exceptional and extremely unusual hardship to a qualifying relative under 8 U.S.C. § 1229b(b)(1)(D)." *Arambula-Medina v. Holder*, 572 F.3d 824, 828 (10th Cir. 2009) (internal quotation marks omitted).

Although this court retains jurisdiction to consider "constitutional claims or questions of law," § 1252(a)(2)(D), Mr. Perez-Garcia's petition does not present any such claims or questions. Instead, the arguments he presents all, at bottom, call for the court to displace the judgment of the BIA based on the evidence he presented. But Mr. Perez-Garcia "does not present a colorable constitutional claim capable of avoiding the jurisdictional bar by arguing that the evidence was incorrectly weighed, insufficiently considered, or supports a different outcome." *Kechkar v. Gonzales*, 500 F.3d 1080, 1084 (10th Cir. 2007).

## CONCLUSION

We deny the petition for review in part and dismiss the petition for review in remaining part.

Entered for the Court

Carolyn B. McHugh
Circuit Judge