999 F.2d 547
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Alphonsus Oneaymabi DIKE, Petitioner,
v.
IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 92-9554.
 United States Court of Appeals, Tenth Circuit.
 July 1, 1993.
 
 Before BALDOCK and KELLY, Circuit Judges, and BENSON,* District Judge.**
 ORDER AND JUDGMENT***
 PAUL KELLY, Jr., Circuit Judge.
 
 
 1
 Petitioner Alphonsus Oneaymabi Dike appeals from an order of the Board of Immigration Appeals (BIA) affirming an order of the Immigration Judge (IJ) which denied petitioner's request for asylum and withholding of deportation. We affirm.
 
 
 2
 Petitioner, a native and citizen of Nigeria, entered the United States on a student visa in 1986. In 1992, deportation proceedings were commenced based on petitioner's failure to comply with the conditions of his status by quitting school and accepting employment. Petitioner applied for political asylum.
 
 
 3
 On appeal, petitioner argues he was denied due process because the IJ did not grant him a continuance to obtain counsel. Petitioner also argues he presented sufficient evidence to show a well-founded fear of persecution and he should be granted asylum.
 
 
 4
 While an alien can choose to be represented by counsel, at no expense to the Government, see 8 U.S.C. § 1362, the Sixth Amendment right to counsel does not apply to deportation hearings. See Michelson v. INS, 897 F.2d 465, 467 (10th Cir.1990). The Fifth Amendment guarantee of due process does apply to deportation hearings. Id. at 468. However, an inability to obtain counsel does not violate due process, unless the alien can demonstrate prejudice implicating the "fundamental fairness of the proceeding." Id.
 
 
 5
 The IJ has the discretion to grant an alien continuances to obtain counsel. 8 C.F.R. § 242.13. Whether that discretion has been abused must be determined by the circumstances of the case, particularly considering the reasons given to the IJ at the hearing. Rios-Berrios v. INS, 776 F.2d 859, 862 (9th Cir.1985) (which quoted Ungar v. Sarafite, 376 U.S. 575, 589 (1964)).
 
 
 6
 Over a period of approximately a month and a half, the IJ granted petitioner three continuances to obtain counsel. After the third one, petitioner stated he had found counsel, but counsel could not attend the scheduled hearing. The IJ stated that if counsel had entered an appearance, he would consider granting a further continuance. Because counsel had not, the IJ refused to grant any further continuances. Under the circumstances, the IJ did not abuse his discretion.
 
 
 7
 Petitioner also argues the IJ erred in holding he had no reasonable fear of persecution thereby denying asylum. Respondent urges us not to address this issue because petitioner did not raise it to the BIA. See Rivera-Zurita v. INS, 946 F.2d 118, 120 n. 2 (10th Cir.1991) (court without jurisdiction to hear matters not raised to BIA). We decline respondent's invitation because the BIA addressed these issues sua sponte.
 
 
 8
 To warrant reversal of the BIA's determination, an alien must show his evidence was so compelling "no reasonable factfinder could fail to find the requisite fear of persecution." INS v. Elias-Zacarias, 112 S.Ct. 812, 817 (1992). We review the record to see if subjectively the alien has established a genuine fear and if objectively he has shown his fear is well-founded, Kapcia v. INS, 944 F.2d 702, 706 (10th Cir.1991), i.e., involving more than restrictions or threats to life and liberty, Baka v. INS, 963 F.2d 1376, 1379 (10th Cir.1992).
 
 
 9
 Petitioner, a member of a majority tribe, the Ibos, had participated in various student activities before leaving Nigeria. He was never interrogated or arrested. Petitioner submitted letters, allegedly from relatives, warning him not to return. The BIA held the letters to be of little or no probative value because they bore no indication they were sent from Nigeria and were written on identical stationery. Statements in the letters contradicted petitioner's testimony as to the manner of his father's death which allegedly was in retaliation for his father's political activities. Petitioner made no showing the government linked petitioner to those activities.
 
 
 10
 The evidence does not support petitioner's claim. Petitioner was not harassed for either his or his father's political activities. As the IJ noted, no objective evidence supports petitioner's claim that his father was politically active or killed because of that activity. Petitioner was given three weeks to obtain supporting evidence, but failed to do so. Petitioner also testified he did not know who would persecute him.
 
 
 11
 The evidence in the record does not compel reversal of the BIA's determination. The petition for review is DENIED.
 
 
 
 *
 Honorable Dee V. Benson, District Judge, United States District Court for the District of Utah, sitting by designation
 
 
 **
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this petition for review. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument
 
 
 ***
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3