FILED

NOT FOR PUBLICATION

NOV 25 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | | |
|---|---|---|
| RUDY FAUSTINO GOMEZ HERNANDEZ, | ) ) ) | No. 09-73086 |
| Petitioner, | ) ) | Agency No. A074-180-961 |
| v. | ) ) | MEMORANDUM[*] |
| ERIC H. HOLDER, Jr., Attorney General, | ) ) ) ) | |
| Respondent. | ) ) ) | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 5, 2013[**]
San Francisco, California

Before: FARRIS, FERNANDEZ, and IKUTA, Circuit Judges.

Rudy Faustino Gomez Hernandez, a native and citizen of Guatemala,

petitions for review of the Board of Immigration Appeals' (BIA) denial of his

---

[*]This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

application for asylum,[1] withholding of removal,[2] and Convention Against Torture relief.[3] We grant the petition.

Gomez asserts that his right to due process under the Fifth Amendment to the United States Constitution was violated because he was denied his statutory right to representation by counsel. See 8 U.S.C. § 1362. We agree. That right is of the utmost importance,[4] but a mere two weeks before his scheduled asylum hearing, the Immigration Judge (IJ) relieved his attorney and Gomez was sent notice of that. He was also notified that he was required to appear and proceed on the appointed date with or without counsel, and that no continuance would be granted. He did appear without counsel, and with little further ado the hearing proceeded. The IJ did not ask if he wished to waive counsel, and, of course, did not receive a knowing and voluntary waiver. See Tawadrus v. Ashcroft, 364 F.3d 1099, 1103 (9th Cir. 2004). That was unsatisfactory. Gomez's right to counsel

---

[1] 8 U.S.C. § 1158.

[2] 8 U.S.C. § 1231(b)(3).

[3] United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, adopted Dec. 10, 1984, S. Treaty Doc. No. 100-20 (1988), 1465 U.N.T.S. 85, implemented at 8 C.F.R. § 1208.18.

[4] See Baltazar-Alcazar v. INS, 386 F.3d 940, 944–45 (9th Cir. 2004); Castro-O'Ryan v. U.S. Dep't of Immigration & Naturalization, 847 F.2d 1307, 1312 (9th Cir. 1988).

2

was violated by the concatenation of the IJ's release of prior counsel, the shortness of the time Gomez was given to obtain new counsel, who had to be ready to proceed, the notice that he could not obtain any continuances, and the IJ's failure to inquire into his desire for representation before proceeding. See Montes-Lopez v. Holder, 694 F.3d 1085, 1088–89 (9th Cir. 2012); Biwot v. Gonzales, 403 F.3d 1094, 1098–99 (9th Cir. 2005); Tawadrus, 364 F.3d at 1103–04; Rios-Berrios v. I.N.S., 776 F.2d 859, 862–63 (9th Cir. 1985). Moreover, "an alien who shows that he has been denied the statutory right to be represented by counsel in an immigration proceeding need not also show that he was prejudiced by the absence of the attorney." Montes-Lopez, 694 F.3d at 1093–94.[5]

Petition GRANTED.

---

[5]Because our decision on this ground is dispositive, we need not, and do not, consider the other issues raised by the parties.

*Gomez Hernandez v. Holder*, 09-73086

Ikuta, J., concurring:

I concur in the majority's decision reluctantly. Although I am bound by *Montes-Lopez v. Holder*'s holding that the denial of an alien's statutory right to counsel is per se reversible error, 694 F.3d 1085, 1090, 1093–94 (9th Cir. 2012), this conclusion contradicts our precedents, *see Singh v. Holder*, 638 F.3d 1196, 1209 (9th Cir. 2011); *Tawadrus v. Ashcroft*, 364 F.3d 1099, 1103 (9th Cir. 2004); *Castro-O'Ryan v. U.S. Dep't of Immigration & Naturalization*, 847 F.2d 1307, 1312–13 (9th Cir. 1987), is contrary to basic principles of administrative law, *see Shinseki v. Sanders*, 556 U.S. 396, 406–07 (2009), and comes down on the wrong side of a circuit split, *see, e.g.*, *Ogbemudia v. INS*, 988 F.2d 595, 598 (5th Cir. 1993) (requiring a petitioner who alleges a denial of the right to counsel in immigration proceedings to demonstrate prejudice); *Farrokhi v. INS*, 900 F.2d 697, 702 (4th Cir. 1990) (same); *Michelson v. INS*, 897 F.2d 465, 468 (10th Cir. 1990) (same).

*Montes-Lopez*'s improper reliance on Sixth Amendment precedents, *see* 694 F.3d at 1092, side-steps our long-established rule that a petitioner has only a statutory right to counsel, 8 U.S.C. § 1362, that "stem[s] from the Fifth Amendment guarantee of due process," *Tawadrus*, 364 F.3d at 1103. Our precedents make clear that violations of the Fifth Amendment guarantee of due

process in the immigration context are subject to review for harmless error. *See, e.g.*, *Singh*, 638 F.3d at 1209 (rejecting claim of due process error where the petitioner could not demonstrate prejudice); *Sanchez-Cruz v. INS*, 255 F.3d 775, 779 (9th Cir. 2001) (requiring an alien to demonstrate prejudice to obtain relief from a BIA decision that violates due process). Indeed, we have explained that the agency's failure to accord an alien the statutory right to counsel would amount to a denial of due process only "[i]f the prejudice to the alien is sufficiently great." *Castro-O'Ryan*, 847 F.2d at 1313. In reaching the erroneous conclusion that a violation of a petitioner's Fifth Amendment right is a structural error requiring remand in every case, *Montes-Lopez* turned its back on these binding precedents.

Not only does *Montes-Lopez*'s conclusion conflict with our case law, it also contradicts basic principles of administrative law. As the Supreme Court explained in *Shinseki v. Sanders*, federal courts may not presume that an administrative agency's error was prejudicial, but rather must determine harmlessness on a fact-specific, case by case basis. 556 U.S. at 407. Although *Sanders* articulated this rule in the context of veteran claims appeals, the Court noted this rule applied to other administrative agency decisions as well. *Id.* at 406. And we have likewise acknowledged the applicability of this rule in immigration proceedings. *Castro-O'Ryan*, 847 F.2d at 1313; *see also Zolotukhin v. Gonzales*, 417 F.3d 1073,

1076–77 (9th Cir. 2005) (holding that the petitioner must show prejudice before we can grant a petition for review based on a due process violation).  Indeed, there is no logical basis for holding that the denial of the statutory right to counsel is a structural error in immigration proceedings, particularly when such an error is reviewed for harmlessness in other administrative contexts.  *See Vidal v. Harris*, 637 F.2d 710, 713 (9th Cir. 1981) (requiring a social security claimant to "demonstrate prejudice or unfairness in the administrative proceedings" from "the absence of counsel").

Now, instead of following the circuits that properly adhere to this long-established analysis applicable to agency errors, *Montes-Lopez* and the out-of-circuit opinions on which it relies inexplicably abandon this standard and instead treat an alien's Fifth Amendment statutory right to counsel "at no expense to the government" as if it were equivalent to a criminal defendant's absolute Sixth Amendment right to counsel.  *Montes-Lopez*, 694 F.3d at 1092–93.  This conclusion has no basis in the Constitution or in precedent, and is contrary to *Sanders*'s warning against the use of "mandatory presumptions and rigid rules rather than case-specific application of judgment" in determining whether an administrative agency's error requires reversal. 556 U.S. at 407.

Accordingly, while I am bound by *Montes-Lopez*, it was wrongly decided,

and we should revisit this decision en banc.